SCHEIBE (H. E.), Respondent, vs. TOWN OF LINCOLN, Appellant.

*December 8, 1936—January 12, 1937.*

For the appellant there were briefs by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondent there was a brief by *Genrich & Genrich,* attorneys, and *Miles Lambert* and *Donald C. Heide* of counsel, all of Wausau, and oral argument by *F. W. Genrich.*

FAIRCHILD, J.   This action and that of Betty Scheibe, by guardian, against the same defendant, *ante,* p. 417, 271 N. W. 43, were tried together by stipulation.   The facts are fully set forth in the companion case.   The verdict as affecting this plaintiff fixed his damages at $250 and the judgment was for that amount and costs.   The plaintiff had permitted his daughter, fifteen years of age, to use his car under the provisions of sec. 85.08 (1a), Stats., and by its terms is responsible "for any and all damages growing out of the negligent operation" of his automobile by his daughter.   As stated in the companion case, the quoted portion of sec. 85.08 (1a) amounts to—

"a legislative declaration that when a parent consents to the use of his car by his child under the circumstances stated, he cannot claim that the child is a bailee of the car or, in driving it, that the child is acting independently of him in any sense of the word."

Plaintiff's right to recover against the town is therefore subject to the proportion of negligence attributable to his fifteen-year-old child, operating the car under authority of sec. 85.08 (1a), Stats.   See 2 Restatement, Torts, p. 1269, § 486.   As set forth in the companion case, the jury found that the daughter's negligence was thirty-three and one-third per cent responsible for the resulting damage.   This necessitates reducing the amount allowed by the jury one third and entitles the plaintiff to judgment for only the reduced amount.

*By the Court.*—Judgment modified as to the item of damages in accordance with this opinion, and, as modified, affirmed.