**THE FLORIDA NATIONAL BANK OF JACKSONVILLE, FLORIDA,** a national banking corporation organized under the laws of the United States of America, as Administrator of the Estate of **HOUSTON NAPOLEON GARDNER**, deceased, v. **R. HAL GARDNER**

12 So. (2nd) 574                                         January Term, 1943
March 26, 1943                                                    Division B

*Ed W. Harris,* for plaintiff.

*Knight & Thompson* and *Sam Bucklew,* for defendant.

BROWN, J.:

Hon. T. Frank Hobson as Judge of the Circuit Court for the Sixth Judicial Circuit h'as filed in this Court a certificate under Rule 38, in a case pending in his court, entitled as above. The certificate gives a condensed summary of the allegations of a bill in equity, consisting of about three type written pages, which bill was filed in said court and a motion to dismiss the same was filed by the defendant.

Then follows the following certified questions:

"Does this Court of equity, under the facts alleged, hav.. jurisdiction, or is it authorized to grant the relief prayed?"

A question of this kind is not within the contemplation of Rule 38, which provides, that:

"Only questions or propositions of law that can be answered without regard to other issues may be so certified and they must be definitely and concisely stated."

As a general rule, only single, definite and distinct questions or propositions of law can be certified to this Court.

It is entirely proper, and indeed required by the rule, that the certificate shall also contain the style of the case, and a "statement of facts" showing the nature of the cause

638

and the circumstances out of which the questions of law arise. But the question as stated does not comply with the Rule. See Schwob Company v. Florida Industrial Commission, just published in the Advance Sheets of the Southern Reporter, 11 So. (2nd) 782.

For reasons above stated the certificate is denied.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.