BARNS, Justice
(concurs specially).
Pursuant to Supreme Court Rule 38 the Chancellor has certified to the Court the following:
Question of Law to Be Answered
“In suit to enjoin defendants from further violation of agreement not to operate bathing beach in competition with plaintiffs in vicinity of land sold by defendants to plaintiffs, for 3 years next after execution of deed by defendants to plaintiffs containing said agreement; and where bill alleges that defendants had violated agreement for first year after conveyance, over protest of plaintiffs, and prays for injunction and that the court extend period of agreement to include one year following expiration of period as originally fixed in lieu of year during which defendants violated agreement, can Circuit Judge make his injunction cover an additional year after expiration of original 3 year period in lieu of year during which defendants violated said agreement?”
The “Statement of Facts” required by Florida’s Supreme Court Rule 38(c) appears to be an abstract of the “contentions” of the plaintiff in a suit in equity. Neither the chancellor nor the stipulation of the parties contain a statement of the ultimate facts giving rise to the question certified.
It is prescribed by Supreme Court Rule 38(a) that the Circuit Court may certify to this Court “questions or propositions of law that are determinative of the cause and are without controlling precedent”.
The certificate fails to show that an answer to the certified question would be “determinative of the cause”; fails to contain a statement or finding of the ultimate facts in issue as determined by the Chancellor so as to give rise to a question of law, and it affirmatively appears that the question presented may involve the exercise of judicial discretion. See 3 Am.Jur., pp. 759-763.
It is not the purpose of the certified question procedure to have the Supreme Court function as a Circuit Court. The matter before us is similar to Florida National Bank of Jacksonville v. Gardner, 152 Fla. 636, 12 So.2d 574 wherein this Court refused by “certified question” to determine the sufficiency of a bill tested by a motion to dismiss. The settlement of such a question would not, as of course, be “determinative of the cause”.
Jurisdiction for consideration of the question certified is refused; however, it appears that the parties or the Chancellor may find the proceeding covered by the note captioned “Issue Out of Equity” in McCarthy’s 1931 Chancery Act Annotated, page 125, useful, but this we do not decide.
DREW, J., concurs.