T.HORNAL, Justice.
The Honorable T. G. Futch, as Circuit Judge of the Fifth Judicial Circuit, has filed in this Court a Certificate under Rule 27 of the Supreme Court Rules, 31 F.S.A., certifying for our reply the question hereafter stated.
The Certificate submits a “statement of facts” and propounds the following “question of law
“It appearing from the stipulated facts that the plaintiffs own land, recently acquired, to and from which there is no established way of ingress and egress, — that by crossing the defendants’ land which lies to the north and with which unity of title once existed, a circuitous way of ingress and egress can be established, — that the most direct and practicable route of ingress and egress to and from the plaintiffs’ land is to the east thereof over lands of third persons the title to which has not, since the original grant from the state, been in unity with the land of the plaintiffs;
*915 “Query: Are the plaintiffs, as a matter of law, entitled to the establishment of a way of necessity to and from their said land, and, if so, should it be the most direct and practicable way across the lands of third persons with which no unity of title has existed since the original grant from the state, or should it be over a more circuitous and less practicable route across lands with which a unity of title existed in 1885 and not since, and are the owners of the land over which the way of necessity should be established entitled to compensation therefor, and, if so, how and by whom should such compensation be determined and fixed?”
Despite our desire to be of assistance in the expeditious disposition of pending questions within the limits of Rule 27, supra, we find it necessary to deny the described Certificate.
In order to avoid intruding on established areas of judicial procedure the exercise of jurisdiction under the rule necessarily has its limitations. Some of these are: (1) the essential facts must be agreed upon thereby producing a single determinative question of law the answer to which would be dispositive of the entire cause; (2) this court must not be required to speculate on the existence or nonexistence of essential facts in order to formulate its legal conclusion; (3) this court should not be requested to advise private litigants on the nature or extent of what their claims should be; and (4) this court should not be requested to answer questions involving fundamental property rights of persons who are not parties to the cause.
An analysis of the stipulated statement of facts included in the question propounded reveals that we are being asked to settle a question of law involving the property rights of persons not parties to the cause. The width and location of the claimed way of necessity as well as the purpose for which it is to be used are not set forth. The facts fail to reveal the terms and conditions of the original grant or whether all intermediate grants from the time the land was held by the original private common grantor have been by deeds carrying “appurtenances.” Although abandonment and nonuser of the claimed way of necessity are argued in the briefs the facts relating thereto are not reflected by the record forwarded to us. These are only a few of the factual elements that are lacking. They, nonetheless, point up the proposition that the problem presented by the Certificate is one which will have to be determined originally by the trial court on the basis of the facts presented by the parties. To undertake to settle all of these questions on a Certificate under Rule 27, supra, would be an intrusion on the trial jurisdiction of the Circuit Court. Stanley v. Home Owners Mtg. Co., Fla.1949, 42 So.2d 770; Florida Nat. Bank of Jacksonville v. Gardner, 152 Fla. 636, 12 So.2d 574.
For the reasons stated the Certificate is—
Denied.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.