THORNAL, Justice.
The Honorable R. H. Rowe, as Circuit Judge of the Third Judicial Circuit, has filed in this Court a Certificate under 31 F.S.A.Rule 27 of the Supreme Court Rules certifying for our reply the questions hereafter stated.
The statement of facts indicate that the litigation involves a suit by the plaintiffs to obtain an accounting and other relief from the defendants in connection with alleged fraudulent misrepresentations as to the income of a motor court which defendants had agreed to sell to the plaintiffs.
In the course of the proceeding the plaintiffs sought production of the defendants’ income tax return and state sales tax reports for the years mentioned in the Certified questions which are as follows:
“I. Under [30 F.S.A.] Rule 1.28 Of The 1954 Florida Rules Of Civil Procedure, Would The Plaintiffs, Under The State Of Facts Herein Submitted, Be Entitled To Require The Defendants To Produce The Income Tax Returns For The Years 1952, 1953 And 1954 Showing The Income From The Palmetto Motor Court, Or Would The Same Be Privileged?
“11. Under Rule 1.28 Of The 1954 Florida Rules Of Civil Procedure, Would The Plaintiffs, Under The Statement Of Facts Herein Submitted, Be Entitled To Require The Defendants To Produce The Sales Tax Reports For The Years 1952, 1953 And 1954 Showing The Income From The Palmetto Motor Court, Or Would The Same Be Privileged?”
We have held that the appellate jurisdiction to this Court cannot be invoked and a cause bodily transferred to us except from a determination of an inferior court. Likewise, we have announced the proposition that the Rule providing for certification of questions to this Court by a Circuit Court should be strictly construed and applied. Schwob Co. v. Florida Industrial Commission, Fla.1942, 152 Fla. 203, 11 So.2d 782. In the case last cited we also attempted to announce several basic rules governing the certification of questions.
In the more recent case of Gordon v. Norris, Fla.1956, 90 So.2d 914, we further attempted to delineate in detail a number of' the controlling conditions precedent to the acceptance of a certificate of a question by us under our present Supreme Court Rule 27.
In Taylor v. Taylor, Fla.1952, 59 So.2d 868, we held that a certified question which involves the application of ordinary rules of evidence is not within the contemplation of the applicable rules of this Court.
*375 An examination of the certificate forwarded to us in the instant case reveals that an answer by us would not be disposi-tive of the cause. The parties themselves are not in accord on the proposition that our answer to the particular questions would dispose of the litigation. In the orderly administration of the judicial process we are bound to observe the proper line of demarcation between the exercise of jurisdiction by the trial courts and the appellate jurisdiction of this Court. We should always be cautious to avoid encroachment upon the full and proper exercise of jurisdiction by the trial judges.
It appears to us that any effort on our part to answer the questions above certified would be an inappropriate interference with the power to act and the jurisdiction of the trial judge.
We are, therefore, compelled to deny the certificate.
TERRELL, C. J., and HOBSON and ROBERTS, JJ., concur.