PER CURIAM.
Certified to this Court for a decision under Rule 4.6, Florida Appellate Rules, 31 F.S.A., is the following question.
“STATEMENT OF FACTS
“ATTACHED HERETO and incorporated by reference is the Plaintiff’s Amended Complaint which satisfies the necessary facts to determine this question.
“CERTIFIED QUESTION
“May the Plaintiff have civil relief in tort if the Defendant has breached Chapter 818.01, and/or 818.03 of the Florida Statutes — said statutes constituting a misdemeanor under the laws of the State of Florida, and if answered in the affirmative, can the Plaintiff recover punitive as well as compensatory damages against the Defendant for the breach of duty, if there is a gross disregard of the Plaintiff’s rights accompanying the aforementioned breach in duty.”
The Supreme Court of Florida has held that the appellate jurisdiction cannot be invoked and a cause bodily transferred to the appellate court except from a determination of a trial court. Newcomb v. Roarty, Fla. 1957, 93 So.2d 373. This rule is necessary because the jurisdiction confer *874 red on the circuit court under. Section 6 of Article 5 of the Constitution of Florida, 26 F.S.A., cannot be transferred to this Court by Rule 4.6, Florida Appellate Rules, 31 F.S.A. The Constitution confers original jurisdiction on the circuit court to adjudicate the question posed here. The conclusion reached in the circuit court may be reviewed on appeal. Sieverts v. Loffer, Fla. 1950, 45 So.2d 483.
The area within which Rule 4.6, Florida Appellate Rules, 31 F.S.A., operates has been carefully delineated by the Supreme Court. Schwob Co. v. Florida Industrial Comm’n, 152 Fla. 203, 11 So.2d 782 (1942).
It follows that the certificate must be denied as not being within the contemplation of the rule.
It is so ordered.