213 So.2d 294 (1968)
Bruce Robert GRACIE, an Infant, by His Next Friend, Jean A. Gracie, and Jean A. Gracie, Individually, Appellants,
v.
Ingrid Freybe DEMING, an Infant, Appellee.
No. 67-495.
District Court of Appeal of Florida. Second District.
August 9, 1968.
*295 C. Michael Jackson, of Stewart & Stewart, Fort Myers, for appellants.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
LILES, Chief Judge.
Appellants brought suit against the appellees, Ingrid Freybe Deming, a minor female, and her father, Hans Freybe, alleging negligence and gross negligence on the part of Ingrid Freybe Deming, that resulted in an automobile accident and injuries to appellant Bruce Robert Gracie. In addition, the complaint alleged the vicarious liability of Hans Freybe for this negligence by virtue of Florida Statute § 322.09, F.S.A. Section 322.09 provides, first, that an application by a person under eighteen for a driver's license must be signed by the parents or guardian of the applicant, or some other responsible person, and second, that any negligence or willful misconduct on the part of the minor while operating a motor vehicle would be imputed to the person who signed his application.
Subsequent to the accident but before suit was brought, appellee Ingrid Freybe Deming was married. After suit was commenced her father filed a motion to dismiss for failure to state a cause of action as to him on the theory that Florida Statutes § 743.03, F.S.A., automatically terminated his vicarious liability upon the marriage of his daughter. The lower court granted Freybe's motion and this appeal ensued.
We feel the trial judge erred in granting the motion to dismiss, and, therefore, reverse.
Although no cases exist on point, it seems clear that the intent of the legislature in promulgating § 322.09 was both to promote the public safety in the operation of motor vehicles and to fix a method of insuring the financial responsibility of minor drivers licensed to operate motor vehicles. See 1955 Op.Atty.Gen. 055-143; James, Imputed Negligence and Vicarious Liability: The Study of a Paradox, 10 U. Fla.L.Rev. 48, 51 (1957). This design is suggested by the language of the act providing that if the minor has no parent or guardian, he can secure a license only by obtaining the signature of his employer or some other responsible person willing to accept the obligation imposed. Florida Statutes § 322.09(1), F.S.A. Moreover, under Florida Statutes § 322.11, F.S.A., it is noteworthy that upon the death of the person signing a minor's application, the minor's license is cancelled, and cannot be reissued until a new application, containing the signature of another responsible person, is filed. It seems, therefore, that financial responsibility lies at the heart of the statute.
The point in issue concerns the effect of the marriage of a minor female on the financial responsibility provision of § 322.09. Section 743.03, F.S.A., reads as follows:
"The disabilities of nonage of all female minors who are married, who have been married, or who may hereafter become married, including those divorced or hereafter divorced, and those who are or who may hereafter become widows, are removed, and hereafter all such female minors may assume the management of their estate, contract and be contracted with, sue and be sued, and do and perform any and all acts, matters and things that she could do if she were twenty-one years of age."
It has never been suggested that § 743.03 could be used to relieve a defendant of liability after the accrual of the cause of action against him, and as a matter of reason it cannot be said that the mere marriage of a female minor after an accident negligently caused by her but before suit is filed removes the liability of the person who agreed to accept financial responsibility for her negligence by signing her application for an operator's license. To hold otherwise would subvert the primary intention of the legislature in enacting § 322.09. *296 Participation in the ceremony of marriage by a minor defendant does not in some mystical way make her a safer driver, nor, more importantly, does it make her financially responsible.
If we were to hold that § 743.03 relieves Mr. Freybe of liability, it would be tantamount to allowing an event that took place subsequent to the accrual of the cause of action, and, completely unrelated to it, to change the parties to the law suit, and possibly to limit the effective judgment that could be recovered. A holding of this type would not only severely distort the purposes of the statutes involved, but also would work a manifest hardship on the plaintiff. In addition, such a construction would leave unguarded the door of collusion. A parent could avoid liability for his daughter's negligent driving simply by arranging for her marriage and divorce before suit is brought.
Two fundamental rules of statutory interpretation that ought generally to be adhered to are that courts should construe a statute so as to effectuate the intent of the legislature, and that courts should not construe a statute in such a manner as to reach an illogical or ineffective conclusion when another construction is possible. Pinellas County v. Woolley, Fla.App. 1966, 189 So.2d 217. Thus, we are compelled to hold in the instant case that the marriage of the minor female defendant, Ingrid Freybe Deming, did not by virtue of § 743.03, F.S.A., relieve her father of the liability imposed by § 322.09, F.S.A. It should be noted that we offer no opinion as to the effect of the marriage of minor females prior to the accrual of a cause of action on § 322.09 liability, since that question is not before us.
The other points raised by the parties have been considered and found to be without merit. Inasmuch as it was error to grant the appellee's motion to dismiss, we must reverse.
ALLEN and HOBSON, JJ., concur.