CROSS, Chief Judge.
This case reaches us by way of a Certified Question from the Circuit Court, Seventeenth Judicial Circuit, Broward County, Florida, the Honorable Otis Far-rington, Judge, concerning liability of a person signing an application for a minor under eighteen years of age who obtained a driver’s license and subsequently was involved in an automobile accident after expiration of the license.
*12 The certificate presents the following statement of facts:
“Suit was brought by the minor plaintiff through her father and next friend as well as by the father, individually, against the defendants, Sherry Jo Hassell, a minor, and Sarah Hassell and Elizabeth M. Thompson as a result of the minor defendant, Sherry Jo Hassell, driving a motor vehicle owned by the defendant, Elizabeth M. Thompson, which struck the minor Plaintiff who was a pedestrian. The accident occurred on April 10, 1968, in Broward County, Florida. The minor defendant, Sherry Jo Hassell, at all times material, was under the age of eighteen years. The defendant, Sarah Hassell, was the mother and natural guardian of Sherry Jo Hassell and admits signing the application for the driver’s license of the minor defendant, Sherry Jo Hassell, and that said driver’s license #RG60573 was issued on October 20, 1966, and said driver’s license expired on October 31, 1967. That at the time of the accident alleged in plaintiff’s complaint, the minor defendant, Sherry Jo Hassell, did not have a current valid driver’s license and the defendant, Sarah Hassell, had not signed any application form in behalf of the minor defendant, Sherry Jo Hassell, for the renewal of said license.”
The questions of law for answer as certified and set forth in the Certificate are as follows:
“Where a person signs the application for the driver’s license for a minor, pursuant to FS Section 322.09(1) (a), and such person thereby assumes the obligations imposed by FS Section 322.-09(3), and a driver’s license is duly issued to such minor, does the obligation assumed by such person who signed the application, terminate
“(a) with the expiration of said license regardless of whether such person who signed the application has actual knowledge of the expiration of said license or
“(b) when said minor reaches the age of eighteen (18) years, or
“(c) when such person who signed the application files a written request to cancel the license of said minor, pursuant to FS 322.10, even though said license had previously expired and had not been renewed and no application for renewal had been signed by such person who signed the original application for said minor’s license.”
Section 322.09(1) (a), Florida Statutes, F.S.A. requires that in order for a person under the age of eighteen to obtain a driver’s license, both parents must sign the application for the driver’s license and it must be notarized for both. If only one parent is alive and has custody of the child, that parent may sign alone. F.S. Subparagraph (3) of Section 322.09, F.S. A., imputes to the person or head of the family who has signed the application on behalf of the minor any negligence or willful misconduct of the minor when driving a motor vehicle, making the person or head of the family who signed the application on behalf of the minor, both jointly and severally liable with such minor for any damages. F.S. Section 322.10, F.S.A., allows any person or head of the family who has signed an application for a minor for a license to withdraw consent to allow the minor under eighteen years of age to drive by writing a letter to the department of public safety requesting the license to be withdrawn.
The intent of the legislature in promulgating F.S. Sections 322.09(1) (a), 322.09(3) and 322.10, F.S.A., was to place responsibility on the person or head of the household for damages as a result of the negligence or willful misconduct of any person under the age of eighteen years while he or she is driving a motor vehicle. The legislature sought to maintain that *13 needed guidance of those persons under the age of eighteen years who seek to drive. The statute is in keeping with the legislature’s desire to protect persons who are injured or sustain property damage by reason of the negligence or willful misconduct of persons under the age of eighteen years who are driving by imputing their negligence or willful misconduct to the person or head of the family who has signed the application, who in reality is in the best position to control these minor drivers.
We cannot in good conscience and keeping in mind the intent of the legislature, terminate the obligation of the person who signs the application imposed by F.S. Section 322.09(3), F.S.A., upon the expiration of the license. This determination is strengthened by the fact that the machinery of renewal pursuant to F.S. Section 322.18 (4), F.S.A., (operative prior to July 1, 1970) allows any person holding an expired driver’s license to renew that license any time within eleven months after the expiration date by paying a delinquent fee as provided by F.S. Section 322.21(1), F.S.A. Nothing in the machinery of obtaining the renewal of an expired license pursuant to Section 322.18(4), F.S., requires that upon expiration of a license that issued to a person under the age of eighteen years pursuant to F.S. Section 322.09, F.S.A., the person or head of the family who signed the application on behalf of the minor must sign a renewed application in order for the holder to obtain a renewal.
F.S. Sections 322.09(1) (a) and (3), and Section 322.18(4) F.S.A., must be read in pari materia to best obtain the intent of the legislature. If the legislature saw fit to allow the person holding an expired driver’s license, whose license was issued pursuant to F.S. Section 322.09, F.S.A., to renew any time within eleven months after the expiration date by paying a delinquent fee pursuant to F.S. Section 322.18(4), F.S.A., without requiring the renewal to be accompanied by another application conforming with F.S. Section 322.09(1) (a), F.S.A., then it is obvious that the legislature has seen fit not to terminate the obligation of those persons whose liability is incurred by F.S. Section 322.09(3), F.S.A., upon the issuance of the license when that license expires, regardless of whether. the person who signed the application has actual knowledge of the expiration of the license.
The facts reveal that the accident occurred on April 10, 1968. The minor defendant’s driver’s license expired on October 31, 1967. In accordance with F.S. Section 322.18(4), F.S.A., the minor defendant could have renewed that license any time within eleven months after its expiration date, i. e., September 30, 1968, by paying the delinquent fee as provided by F.S, Section 322.21(1), F.S.A. Thus in theory she could have renewed her license up to' five months subsequent to the date of the accident merely by following the procedures as set forth in F.S. Section 322.18(4), F.S.A., further illustrating the folly of any determination relieving those parties whose liability is incurred by F.S. Section 322.09(3), F.S.A., when the license expires.
Accordingly, question (a) presented by the Certificate is answered in the negative. Answer to questions (b) and (c) of the Certificate is declined as the statement of facts presented with reference to these questions does not produce a single determinative question of law, the answer to which would be dispositive of the cause. Gordon v. Norris, Fla.1956, 90 So.2d 914.
Question answered as to (a) in the negative; answer declined as to questions (b) and (c).
WALDEN and McCAIN, JJ., concur.