CHARLES CARROLL, Judge.
We have for consideration certain questions, with reference to an action in the circuit court of Dade County, certified to this court under Rule 4.6 F.A.R., 32 F.S.A.
From the limited record here it appears that a savings deposit certificate or account in a savings and loan association was maintained in the name of the decedent Carl B. White as trustee for one Juanita Brown; that in the course of probate of his estate, prior to expiration of the time for the filing of claims in the estate, it was determined or estimated by the executor that the assets would be insufficient to fully defray the expenses of administration, executor’s and attorney’s fees and claims of creditors; that the proceeding out of which the certified questions arose was one filed by the executor in the circuit court against the said Juanita Brown and the savings and loan association; that the dual purpose of the circuit court action was to obtain a determination of whether the proceeds of the savings account were an asset of the estate, or belong to the said Juanita Brown; and secondly, to obtain an injunction pendente lite, to preserve the status quo by restraining the savings association from paying the proceeds of the account to Juanita Brown pending such determination.
After entering the requested pendente lite stay order, the court certified to this court, under Rule 4.6 F.A.R., the following two questions:
“I. Whether the proceeds from a savings certificate held in the name of a decedent in trust for a named beneficiary are subject to claims and expenses of the decedent’s estate when the other assets of the estate are insufficient to pay such claims and expenses.
“II. Whether the Court can restrain distribution of the proceeds pending settlement of the estate when the executor alleges that the other assets of the estate will be insufficient to pay claims and expenses.”
' The above quoted question numbered II is not proper for consideration under Rule 4.6 F.A.R. because the stay order it concerns has been entered by the trial court, and the question relating thereto in effect seeks a review thereof.
The restraining order served to preserve the status quo. It did not .permanently enjoin payment of the proceeds of the account to Juanita Brown, or purport to determine the ownership of the account. However, we must decline to entertain *85 the certified question numbered I, because it presents for our determination the entire matter submitted to the circuit court for declaratory judgment, for the determination of which that court has the primary jurisdiction.
In Rosenberg v. Ryder Leasing, Inc., Fla.App.1964, 159 So.2d 873, in which this court declined to entertain a certified question, the court said:
“The Supreme Court of Florida has held that the appellate jurisdiction cannot be invoked and a cause bodily transferred to the appellate court except from a determination of the trial court. Newcomb v. Roarty, Fla.1957, 93 So.2d 373. This rule is necessary because the jurisdiction conferred on the circuit court under Section 6 of Article 5 of the Constitution of Florida, 26 F.S.A., cannot be transferred to this Court by Rule 4.6, Florida Appellate Rules, 31 F.S.A. The Constitution confers original jurisdiction on the circuit court to adjudicate the question posed here. The conclusion reached in the circuit court may be reviewed on appeal. Sieverts v. Loffer, Fla.1950, 45 So.2d 483.”
That statement of this court in Rosenberg is applicable to question number I of the certificate presented here. Whether the proceeds of the savings certificate or account should be declared to be assets of the estate, or the property of Brown, would appear to be a mixed question of fact and law. The absence of prevailing precedent thereon is not a sufficient reason for this court to usurp or exercise the function and jurisdiction of the trial court for the initial determination thereof.
For the reasons stated the certified question must be denied as not being within the contemplation of the rule.
It is so ordered.