DOWNEY, Judge.
The Circuit Court of the Ninth Judicial Circuit has certified to this court a question which it is stated will be determi *662 native of the cause and which is without controlling precedent. Said question is:
With the enactment of the new Wrongful Death Statute § 768.16-[768].27, effective July 1, 1972, is conscious pain and suffering still a compensable element of damage recoverable under Florida Statute 45.11 [now § 46.021] ?
Examination of the briefs, confirmed at oral argument, convinces us that an answer to the question involved will not be disposi-tive of the cause. Appellant claims several elements of damage but only one, conscious pain and suffering, is involved in the question presented. Accordingly, the answer to the question presented would determine one such element only.
 Rule 4.6(a), F.A.R., provides:
“When Certified. When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction.”
Said rule is to be strictly construed and applied. Newcomb v. Roarty, Fla.1957, 93 So.2d 373. Incidental questions occurring throughout the litigation, the resolution of which might be helpful, if not dispositive of the entire case, are not properly the subject of a certified question. Newcomb v. Roarty, supra; Gordon v. Norris, Fla. 1956, 90 So.2d 914. In the latter case the Supreme Court pointed out that in order to avoid intruding on established areas of judicial procedure the exercise of jurisdiction under the certified question rule necessarily has its limitations, some of which are:
“(1) the essential facts must be agreed upon thereby producing a single determinative question of law the answer to which would be dispositive of the entire cause; (2) [the appellate] court must not be required to speculate on the existence or nonexistence of essential facts in order to formulate its legal conclusion; (3) [the appellate] court should not be requested to advise private litigants on the nature or extent of what their claims should be; and (4) [the appellate] court should not be requested to answer questions involving fundamental property rights of persons who are not parties to the cause.”
An example of a case ideally suited for application of the rule is Brown v. Palmer, Fla.App. 1970, 233 So.2d 459* There the trial court certified a question raised on motion for new trial and the answer disposed of the entire case.
Accordingly, the certificate is denied.
WALDEN and MAGER, JJ., concur.

 Quashed on other grounds. Brown v. Palmer, Fla.1971, 245 So.2d 860.