HOBSON, Acting Chief Judge.
The Circuit Court of the Twentieth Judicial Circuit has certified to this court a question which is stated will be determinative of the cause and which is without controlling precedent. The question presented to us is:
Is the word “survivors” as it appears in the second sentence of Section 768.-21(6)(a) to be read in conjunction with the definition of that term as it appears in Section 768.18(1), so that loss of net accumulations is a recoverable element of damages to the estate in an action for wrongful death pursuant to Chapter 768, Florida Statutes, only when (1) there is a surviving spouse; (2) there are minor children; or, (3) there are lineal descendants who were partially or wholly dependent on the deceased for support or services?
The record-on-appeal reveals that the complaint, in addition to the loss of net accumulations, claims damages for funeral, medical and other expenses related to the death. Therefore, the answer to the certified question would determine but one of such elements of damage. This being true, the answer to the question would not be determinative of the question.
In Niemi v. Mebane Oil Company, Inc., 303 So.2d 661 (Fla. 4th. DCA 1974), the identical situation was presented wherein the answer would determine only one of the elements of damage. In Niemi the court stated:
“Rule 4.6(a), F.A.R., provides: '
“ ‘When Certified. When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction.’
Said rule is to be strictly construed and applied. Newcomb v. Roarty, Fla.1957, 93 So.2d 373. Incidental questions occurring throughout the litigation, the resolution of which might be helpful, if not dispositive of the entire case, are not properly the subject of a certified ques *981 tion. Newcomb v. Roarty, supra; Gordon v. Norris, Fla.1956, 90 So.2d 914. In the latter case the Supreme Court pointed out that in order to avoid intruding on established areas of judicial procedure the exercise of jurisdiction under the certified question rule necessarily has its limitations, some of which are:
“ ‘(1) the essential facts must be agreed upon thereby producing a single determinative question of law the answer to which would be dispositive of the entire cause; (2) [the appellate] court must not be required to speculate on the existence or nonexistence of essential facts in order to formulate its legal conclusion; (3) [the appellate] court should not be requested to advise private litigants on the nature or extent of what their claims should be; and (4) [the appellate] court should not be requested to answer questions involving fundamental property rights of persons who are not parties to the cause.’ ”
The answer to the question not being dispositive of the cause, we must deny the certificate.
GRIMES and SCHEB, JJ., concur.