JUNE R. BOKER, APPELLANT, V. ALLEN LUEBBE ET AL., APPELLEES.

252 N. W. 2d 297

Filed April 13, 1977. No. 40800.

Gaines, Spittler, Otis, Mullen & Carta, for appellant.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This is an appeal from a jury verdict in favor of

the defendants, Allen and Arnold Luebbe, in a negligence action filed by the plaintiff, June R. Boker, to recover damages for personal injuries sustained in an automobile accident. In her appeal, the plaintiff contends that the trial court erred in submitting to the jury the issue of whether negligence on the part of her daughter, Julie Boker, could be imputed to the plaintiff; and in failing to grant a directed verdict in favor of the plaintiff. We affirm.

The facts in this case are as follows. On April 3, 1972, at approximately 3 p.m., the plaintiff was a passenger in an automobile driven by her daughter, Julie, on Dodge Street in Omaha, Nebraska. At the time Julie was 15 1/3 years old and was operating the car on a learner's permit. She had had previous driving experience in Omaha, as well as on a relative's farm. The Bokers were proceeding east on Dodge Street, which at the time was a four-lane street, in the south lane. At approximately 96th and Dodge Streets, Julie began to pass the defendants' vehicle, driven by Allen Luebbe, son of Arnold Luebbe, owner of the vehicle, which was directly in front of her in the south lane, and in so doing moved the Boker car into the passing lane. As Julie began to pull along side the Luebbe car, Allen began to change lanes, moving toward the passing lane from the south lane. The plaintiff observed the defendants' car moving toward the Boker car, and threw up her hand and told Julie to "watch out." Julie subsequently slammed on her brakes, and the Boker car swerved to the north proceeding across the westbound lanes of Dodge Street. A westbound vehicle driven by Charles Hirsh struck the Boker car at the front passenger door, and the plaintiff suffered injuries from the collision. The Boker and Luebbe vehicles never actually collided, and when Allen became aware of the Boker vehicle in the passing lane, he turned his car back to the south lane of eastbound traffic.

The parties and witnesses gave differing accounts of the precise details of the accident. Julie testified that she heard her mother's warning, looked to her right and saw the defendants' car approaching her, and slammed on her brakes. At trial she stated that she looked over and saw the defendants' car before she applied the brakes, testimony which contradicted her pretrial deposition, when she stated that her mother had startled her, and her mother's warning caused her to apply the brakes and swerve the car rather than her realization that the defendants' car was moving toward her lane. Julie testified that she did not actually see the defendants' car in her lane, but that it was so close to her that it must have been. The plaintiff, who had no memory of the accident, was unable to testify in regard to how it precisely occurred.

Allen acknowledged that he began to change lanes when Julie was about to pass him, but stated at trial that he never actually entered the passing lane. This testimony contradicted statements made shortly after the accident, when Allen stated that he may have been 1 foot over in the passing lane. Allen stated that his car and the Boker vehicle were 2 to 3 feet apart when Julie slammed on her brakes, and that the two cars never touched one another. He also testified that his turn signal was on at the time he began to change lanes.

Three other witnesses gave conflicting views of what occurred when the Boker and Luebbe vehicles approached each other. The driver of the vehicle which ultimately collided with the Boker car testified that both cars were at angles, entering the passing lane, when they appeared to come together. He stated that Allen then turned back to the south lane, and that the Boker car straightened out in the passing lane, proceeded east about 50 feet, and then swerved into the westbound lanes. Another witness, traveling behind the Boker car, stated that he saw

the Boker car go "out of control" and swerve into the westbound lanes at a time when no other eastbound cars were near it. A passenger in the defendants' car testified that Allen signaled before he began to change lanes, and that the Boker and Luebbe cars were never closer than 1 to 2 feet apart.

Finally, Julie Boker acknowledged at trial that the plaintiff was supervising her in her driving, and that she would have followed plaintiff's directions in regard to her driving. Although Julie chose the route she was traveling the day of the accident, she stated that had her mother objected to the route, she would have changed it; and that she would not pass another car in the course of driving if her mother instructed her not to.

At the close of the evidence, the trial court overruled both the defendants' motion to dismiss and the plaintiff's motion for directed verdict against the defendants. The case was submitted to the jury on the issues of whether the defendant Allen was negligent; whether the plaintiff was contributorily negligent; and whether Julie Boker was contributorily negligent, and if so, whether such negligence should be imputed to the plaintiff. In regard to the latter issue, the jury was instructed: "The defendants have raised the affirmative defense of the contributory negligence of plaintiff's driver, Julie Boker. In order for such contributory negligence to be imputed or charged to the plaintiff it is necessary that plaintiff exercised control over the operation of plaintiff's vehicle. * * * If you find that plaintiff did not exercise control over the operation of the vehicle, then the contributory negligence of Julie Boker, if any, would not be chargeable to plaintiff and you should not consider defendants' affirmative defense of contributory negligence * * *." The plaintiff objected to this instruction, and submitted a proposed instruction stating that the "negligence, if any, of Julie Boker is not imputed to June Boker." The primary

issue in this appeal is whether the trial court erred in instructing the jury that the negligence of Julie Boker could be imputed to the plaintiff if it found that the plaintiff exercised control over the operation of the Boker vehicle.

In Kremlacek v. Sedlacek, 190 Neb. 460, 209 N. W. 2d 149 (1973), an automobile negligence case with facts similar to those present in this case, the plaintiff was a passenger in a car driven by her minor son, who was driving the vehicle on a learner's permit. The minor testified that the plaintiff did not actually direct him how to drive or in which direction to go at the time of the accident, but stated that if the plaintiff had told him to take another route, he would have complied. In Kremlacek we held that the negligence of the minor could be imputed to the mother, stating: "Where the owner is a passenger in his own automobile while it is being operated by another, the negligence of the operator is imputable to the owner where the owner assumes to direct or has the power to direct the operation of the automobile and to exercise control over it. This is ordinarily a question for the jury, unless the evidence is so conclusive that the minds of men could not reasonably arrive at any other conclusion. * * * It is abundantly clear, considering the age of the driver, his relationship with the owner, the intent and purpose of the requirement that an adult accompany him under a learner's permit, and the actual inferences flowing from the power to control a child's action, that there was sufficient evidence to submit this issue of imputed negligence to the jury." 190 Neb. at 464. See, also, Weber v. Southwest Nebraska Dairy Suppliers, Inc., 187 Neb. 606, 193 N. W. 2d 274 (1971); Sandrock v. Taylor, 185 Neb. 106, 174 N. W. 2d 186 (1970); Petersen v. Schneider, on rehearing, 154 Neb. 303, 47 N. W. 2d 863 (1951).

The present case falls squarely within the rule enunciated in Kremlacek, and the trial court in-

structed the jury in accordance with that rule. The plaintiff, however, contends that imputing the negligence of a minor driver to his parent, who is a passenger, is an antiquated doctrine which no longer has a place in the scheme of modern tort liability. In so arguing, she relies on cases such as Kalechman v. Drew Auto Rental, Inc., 33 N. Y. 2d 397, 353 N. Y. S. 414, 308 N. E. 2d 886 (1973); Smalich v. Westfall, 440 Pa. 409, 269 A. 2d 476 (1970); and Pierson v. Edstrom, 286 Minn. 164, 174 N. W. 2d 712 (1970). Those are cases which limited or abolished the doctrine of imputed negligence as applied between drivers and passengers in automobiles.

None of those cases, however, dealt with a factual setting of the driver operating the car being on a learner's permit under the supervision of his or her parent. In Pierson, the Supreme Court of Minnesota abandoned the doctrine of imputed negligence in cases where the driver and passenger were joint venturers, and reaffirmed a previous decision which abandoned the doctrine in cases where the driver and passenger were master and servant. See Weber v. Stokely-Van Camp, Inc., 274 Minn. 482, 144 N. W. 2d 540 (1966). In Kalechman, the New York Court of Appeals found that a passenger's right to recover should not be barred merely because he bears some special relationship to the driver, and abandoned the doctrine of imputed negligence in a case where the passenger was a lessee of a vehicle driven by his father. In Smalich, the court held that "only a master-servant relationship or a finding of a joint enterprise will justify an imputation of contributory negligence." 440 Pa. at 416. The court in Smalich noted, however, that the driver's negligence could possibly be imputed to the passenger if the driver were inexperienced or learning to drive. 440 Pa. at 417, n. 4.

Courts in other jurisdictions, faced with facts like those in the present case, have squarely held that

the negligence of a student-driver may be imputed to the passenger-teacher; and that if the negligence of the student-driver contributed to the proximate cause of the accident, the passenger-teacher may be barred from recovery from a third party. See, Hoeft v. Friedel, 70 Wis. 2d 1022, 235 N. W. 2d 918 (1975); Smithson v. Dunham, 201 Kan. 455, 441 P. 2d 823 (1968).

Plaintiff's attack on the doctrine of imputed negligence is far broader than the facts of this case warrant. Whatever the merit to her contention that the doctrine has previously been applied by relying on fictitious concepts of agency, the plaintiff's possible control over, or direction of, the operation of her automobile, when her daughter was driving on a learner's permit, was not fictitious. Section 60-407(4), R. S. Supp., 1972, in effect on the date of this accident, provided: "Any person who shall have attained the age of fifteen years or more may obtain a learner's permit from the county treasurer which shall be valid for a period of twelve months and he may operate a motor vehicle on the highways of this state if he is accompanied at all times by a licensed operator who is at least twenty-one years of age and who is actually occupying the seat beside the driver * * *." The purpose of this section is obviously to insure that persons learning to drive are supervised and directed by a responsible adult. In this case Julie Boker acknowledged that she was driving under the direction of her mother, and that she would have followed any directions given her.

We find the rule set forth in Kremlacek v. Sedlacek, *supra,* applicable and controlling in this case. There was sufficient evidence to submit the issue of imputed negligence to the jury, considering the age of the driver, her relationship to the plaintiff, the intent and purpose of the requirement that an adult accompany her while she was driving on a learner's permit, and her own testimony that she was driving

under the supervision and direction of the plaintiff. The issue decided is a narrow one, and we need not, and do not, decide whether the doctrine of imputed negligence should be applicable in factual situations different from the one presented in this case.

The plaintiff's other assignment of error, that the trial court should have granted a directed verdict in her favor on the question of the defendants' liability, was not argued in her brief and is without merit. The evidence, set forth above, clearly raised issues of fact in regard to the proximate cause of the accident and the negligence of the parties. Where reasonable minds may draw different conclusions and inferences from the evidence as to the negligence of the defendant, the contributory negligence of the plaintiff, and the degree thereof when one is compared with the other, the issues must be submitted to the jury. Treffer v. Seevers, 195 Neb. 114, 237 N. W. 2d 114 (1975).

The contentions of the plaintiff are without merit, and the judgment of the District Court is affirmed.

AFFIRMED.