427 So.2d 298 (1983)
Maria RUIZ, Appellant,
v.
Jose Manuel RUIZ and Lumbermens Mutual Casualty Co., Appellees.
No. 82-428.
District Court of Appeal of Florida, Third District.
February 22, 1983.
*299 Ser, De Cardenas, Levine, Busch & Allen, Silver, Levy & Hershoff and Jay M. Levy, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and John W. Wylie, Miami, for appellees.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
The single issue presented by this appeal is whether the trial court, in granting the defendant's motion for summary judgment, properly applied section 322.09, Florida Statutes (1979). We conclude that the trial court was correct and consequently affirm.
The essential facts are not in dispute. Maria Ruiz, the plaintiff below, was the former spouse of Jose Ruiz, the defendant below. Their marriage was dissolved in 1978. A minor child of the marriage, Beatriz Ruiz, obtained a driver's license from the state of Florida, Maria signing the application in accordance with section 322.09, Florida Statutes (1979).[1]
In 1980, while Maria was a passenger in her former husband's car, which was being operated by Beatriz,[2] an accident occurred in which Maria was injured and it was alleged that Beatriz was negligent. Maria sued her former husband for injuries. Jose answered and raised section 322.09(2), Florida Statutes (1979), as an affirmative defense. Jose then moved for summary judgment, which was granted. This appeal followed.
Maria contends that, notwithstanding the plain language of section 322.09(2), a proper construction of the statute would permit her to recover from her former husband. As authority for that proposition she relies upon Gracie v. Deming, 213 So.2d 294 (Fla. 2d DCA 1968), and Farrier v. Thompson, 234 So.2d 11 (Fla. 4th DCA 1970). While we agree with those cases, they are of no help to the appellant. The legislature fixed responsibility for otherwise judgment-proof minors when it enacted section 322.09(2). By its terms the statute imputes the negligence of a minor driver to the person who authorizes the license application. We find no basis for deviating from this clearly-announced legislative policy. Accord Smithson v. Dunham, 201 Kan. 455, 441 P.2d 823 (1968) (under similar statutory provision, negligence of fifteen-year-old son imputed to passenger mother); see also Boker v. Luebbe, 198 Neb. 282, 252 N.W.2d 297 (1977) (contributory negligence of minor driver imputed to passenger parent); Hoeft v. Friedel, 70 Wis.2d 1022, 235 N.W.2d 918 (Wis. 1975) (negligence of student driver imputed to passenger teacher).
*300 Accordingly, the summary judgment in favor of Jose Ruiz and Lumbermens Mutual Casualty Company is affirmed.
DANIEL S. PEARSON, Judge, concurring.
I do not think that the majority's conclusion, with which I agree, is bolstered to any degree by reliance on cases such as Smithson v. Dunham, 201 Kan. 455, 441 P.2d 823; Boker v. Luebbe, 198 Neb. 282, 252 N.W.2d 297, or Hoeft v. Friedel, 70 Wis.2d 1022, 235 N.W.2d 918, 90 A.L.R.3d 1316, none of which impute negligence to the plaintiff by reason of signing a child's driver's license application, but instead charge negligence to the plaintiff because the plaintiff has the responsibility to, and in fact did, exercise control and supervision of the child's actual operation of the vehicle. In my view, the conclusion that by endorsing the minor's license application, Maria Ruiz is not only responsible for injuries to others, but for injuries to herself caused by the minor's negligent driving, is, however, bolstered by the fact that Section 322.09 is not merely a law to assure that the minor will be financially responsible for injuries to others caused by the minor's deficient driving. Under a pure "financial responsibility" law the minor's negligence is imputed to the parent signing the driver's license application, but the parent is exempted from this imputation where proof of financial responsibility on the part of the minor in a form and amount required by the State is maintained. See, e.g., Altimari v. Campbell, 56 Ohio App.2d 253, 382 N.E.2d 1187 (1978); Leggett v. Crossnoe, 206 Tenn. 700, 336 S.W.2d 1 (1960); Moore v. Jacobsen, 127 Mont. 341, 263 P.2d 713 (1953). See generally Annot., 26 A.L.R.2d 1320 (1952). The lack of a similar financial responsibility exemption in the Florida Statute is convincing evidence that the statute's purpose is not only remedial, but prophylactic. See Farrier v. Thompson, 234 So.2d 11 (Fla. 4th DCA 1970); Gracie v. Deming, 213 So.2d 294 (Fla. 2d DCA 1968). While the remedial goal would be satisfied by allowing Maria Ruiz to recover from the owner's insurer, the prophylactic goal can only be satisfied by enforcing the unequivocal and unrelenting language of the statute.[3]
NOTES
[1] The pertinent portions of section 322.09, Florida Statutes (1979), are as follows:

(1)(a) The application of any person under the age of 18 years for an instruction permit or driver's license shall be signed and verified before a person authorized to administer oaths by the father, mother, or guardian or, in the event there is no parent or guardian, by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. This section shall not apply to a person under the age of 18 years who is emancipated by marriage.
... .
(2) Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.
[2] The minor daughter was not a party to the proceedings below.
[3] In the present case the minor collided with a parked car, and there is no issue of comparative negligence. If the minor's negligence partially contributed to the injuries, the mother would be barred only to that extent. See Scheibe v. Town of Lincoln, 223 Wis. 425, 271 N.W. 47 (1937).