No. 40,054

LEOTA GATZ, *Appellant* and *Cross-Appellee,* v. RALPH CHURCH and WILLFRED CHURCH, *Appellees* and *Cross-Appellants.*

(299 P. 2d 81)

Opinion filed June 30, 1956.

George A. Robb, of Newton, and Archie T. MacDonald, of McPherson, argued the cause, and J. G. Somers and Forrest A. Wilson, both of Newton, and Russ B. Anderson, of McPherson, were with them on the briefs for the appellant and cross-appellee.

*Evart Mills,* of McPherson, argued the cause, and *Kenneth G. Spier, Vernon A. Stroberg* and *Herbert H. Sizemore,* all of Newton, were with him on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries sustained as a result of a collision of two automobiles at the intersection of two country roads. Each party sued the other and the trial resulted in a hung jury. Plaintiff has appealed from the order overruling her demurrer to the evidence of defendants offered in support of their cross-petition. Defendants have appealed from the order overruling their demurrer to plaintiff's evidence.

The allegations of the petition, cross-petition, answers and replies need not be summarized, and it is sufficient to say that each of the parties is charged with negligence and contributory negligence, all of which is denied.

Briefly stated, the evidence established that as plaintiff approached the intersection from the south she slowed down to fifteen or twenty miles per hour, looked both ways, saw no traffic from the east, and entered the intersection. In the northeast corner of the intersection her car was hit by one driven by defendant Ralph Church, age fifteen, which was owned by his father Willfred, who was riding in the front seat. Plaintiff was unaware of the Church car until the collision. On the south side of the east and west road, upon which defendants were driving west, there was a row of hedge which ended approximately 125 feet east of the east edge of the intersection. When defendants passed the west edge of this hedge they observed plaintiff's automobile from a forty-five degree angle and continued to observe it until the collision. Ralph applied the brakes and after his car traveled approximately thirty-five feet the wheels locked and caused the car to skid on the gravel road about forty-seven feet. It skidded into the intersection and struck plaintiff's car, as heretofore related.

Plaintiff states the questions to be—(1) whether Ralph was acting as the agent of his father Willfred at the time of the collision; (2) were defendants guilty of negligence as a matter of law in the operation of their car, and (3) is the claim of Willfred on his cross-petition barred, regardless of his negligence, under G. S. 1949, 8-222, by the negligence of Ralph in driving Willfred's car with his permission and knowledge.

Defendants state the questions to be—(1) was plaintiff guilty of negligence as a matter of law, barring her recovery; (2) was Ralph guilty of any negligence as a matter of law; (3) was Willfred guilty of any negligence as a matter of law, barring his recovery, and (4) was Ralph the agent of Willfred, and, if not, was the negligence of Ralph, if any, otherwise imputed to Willfred.

G. S. 1949, 8-222, provides that every owner of a motor vehicle who knowingly permits a minor under the age of sixteen years to drive such vehicle upon a highway shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle.

If we understand plaintiff's contention correctly, we are asked to hold that the claim of Willfred on his cross-petition is barred by the negligence of his fifteen-year-old son in operating Willfred's automobile. The trouble with this argument lies in the fact that under the statute liability of the owner arises from the negligence of the minor who is permitted to drive, and the negligence of Ralph, if any, is one of the very questions in issue and as yet undetermined.

As we read this record, it is clear that the trial court was fully justified in overruling the demurrer of each of the parties to the evidence of the other. There was evidence to indicate that plaintiff did not look toward the east just as she entered the intersection and that had she done so she could not have failed to see defendants' car which was there to be seen. On the other hand, the evidence justifies the inference that under the circumstances of the time and place defendants' car was not under proper control. All of these matters were questions of fact properly to be submitted to the jury for determination, and, the trial having resulted in a hung jury, are as yet undetermined. In view of our conclusion other matters argued by the parties require no discussion.

The trial court did not err in overruling each of the demurrers and its orders are affirmed.

Robb, J., concurs in the result.