No. 73,543

JASON A. DAVEY, *Appellant*, v. JENNIFER S. HEDDEN, RICHARD C. HEDDEN, C.K.W., INC., and FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, *Appellees*, and CATHERINE A. FARNSWORTH, *Defendant*.

(920 P.2d 420)

414

Opinion filed July 12, 1996.

*F.C. "Rick" Davis*, of Bruce & Davis, L.C., of Wichita, argued the cause, and *Kenneth H. Jack*, of the same firm, was with him on the briefs for appellant.

*Alvin D. Herrington*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, argued the cause, and *Sharon A. Werner* and *Alisa M. Arst*, of the same firm, were with him on the brief for appellees.

The opinion of the court was delivered by

DAVIS, J.: The issues in this case arise within the context of a personal injury action based upon negligence and negligent entrustment. The district court granted all defendants summary judgment based upon its interpretation of K.S.A. 8-222 and its further

conclusion that negligent entrustment, if it existed at all, was not the proximate cause of the plaintiff's injuries.

Richard and Jennifer Hedden reside in Wichita with their two sons, Jeff and Jon. At the time of the accident, Jeff and Jon were high school freshmen, age 14. A married daughter, Natalie Hedden Long, age 22, lived away from the family residence. Plaintiff Jason Davey, age 15, was a high school friend of Jeff and Jon. Catherine Farnsworth, age 15, also a friend, was the driver of the car involved in the accident that injured Davey.

A week prior to the accident, Richard and Jennifer went to Hawaii on vacation. While they had previously taken vacations without their two sons, they had never before taken a trip while their sons were driving automobiles under restricted drivers' licenses. Natalie stayed in the Hedden home while Richard and Jennifer were in Hawaii. However, Natalie was employed from 3 to 11 p.m., 4 days a week, and when she was not at the residence there was no adult supervision.

The Heddens left two vehicles at the residence, a minivan and a yellow 1973 Mercedes convertible. Both Jeff and Jon had restricted drivers' licenses and both were allowed by their parents to drive the vehicles to and from school and to school-related activities even though driving to school activities exceeded the restrictions imposed by their licenses. See K.S.A. 8-237.

There is a controversy over whether Richard and Jennifer talked to Jon and Jeff about not letting other friends drive their cars. Neither could recall a specific instance when they did so immediately prior to the trip to Hawaii. While such an instruction may have been given, it was not given in conjunction with their departure for Hawaii.

Several friends of Jeff and Jon drove the Mercedes while Richard and Jennifer were in Hawaii. Whether this occurred with the permission of the Hedden boys is disputed. However, on the evening the accident occurred, while at another friend's residence, plaintiff Jason Davey asked Jon Hedden for permission to drive the Mercedes so that he could put gas in the car. The plaintiff then left the residence with Catherine Farnsworth as a passenger. The plaintiff

and Farnsworth were under the age of 16 and both possessed restricted drivers' licenses.

After leaving the house, the plaintiff pulled over and let Farnsworth drive the Mercedes. After obtaining gas, Farnsworth drove down Hidden Valley Road, a route with which she was not familiar. According to the plaintiff, Farnsworth let the right wheels fall off the side of the road, over corrected, and lost control, and the Mercedes hit a tree. The plaintiff went through the windshield and suffered severe injuries.

The plaintiff filed suit against Farnsworth, as well as against Jennifer and Richard Hedden; C.K.W., Inc., a joint corporate owner of the Mercedes; and Farmers Alliance Mutual Insurance Company (Farmers Alliance). He alleged that Farnsworth's negligence caused his injuries. He also alleged that Richard and Jennifer Hedden, as well as C.K.W., Inc., negligently entrusted the Mercedes to the Heddens' minor sons and that as a proximate result, he was injured. He further alleged that Jennifer and Richard Hedden were liable under K.S.A. 8-263 and K.S.A. 8-264 for permitting an unauthorized minor to drive their car. He also alleged that the Heddens and C.K.W., Inc., were liable under the provisions of K.S.A. 8-222 for permitting Farnsworth to drive the car. Finally, he claimed coverage under the uninsured motorist coverage provision of the Hedden auto policy with Farmers Alliance. He alleged that Farnsworth was uninsured and negligent in her operation of the Mercedes, that her negligence caused him damages, and that those damages were covered under the policy.

The plaintiff settled his claim against Farnsworth. As part of the settlement agreement, judgment in the amount of $277,137.43 was entered in favor of the plaintiff and against Farnsworth. However, the plaintiff agreed not to execute on assets of Farnsworth or garnish on the judgment but instead to proceed against Farmers Alliance under the uninsured motorist provision. Farmers Alliance had earlier denied coverage.

One of the main issues in this action is the application of K.S.A. 8-222, which provides:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, *and any person*

*who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."* (Emphasis added.)

The defendants filed a motion asking for a resolution of the following issue of law: Whether K.S.A. 8-222 operated to make the plaintiff jointly and severally liable for damages caused by Farnsworth because he furnished the car to a minor. The defendants followed this motion with a motion for partial summary judgment. The court granted the defendants' motion for partial summary judgment, concluding:

"4. The words 'any person' as used within K.S.A. 8-222 includes minors.

"5. *As a matter of law, K.S.A. 8-222 is applicable to the plaintiff herein, Jason A. Davey.*

"6. K.S.A. 8-222, applies in this case to the extent that any negligence found on the part of Catherine Farnsworth will also be the negligence of Jason A. Davey."

The defendants then filed a motion for summary judgment, which the court granted. The court, without deciding whether there had been a negligent entrustment, concluded on the undisputed facts:

"[I]f there was any negligent entrustment on the part of the owners of the automobile, it was not an efficient cause of any negligence in this case.

"b. The negligence of the plaintiff [Jason A. Davey] and Catherine Farnsworth in and of themselves constitutes 100% of the efficient intervening cause and it is an independent intervening cause."

The plaintiff raises two issues by his appeal. The first issue is one of first impression and involves the interpretation of K.S.A. 8-222 under the facts of this case. The thrust of the plaintiff's claim under his first issue is that K.S.A. 8-222 operates in favor of third parties claiming damages for injury at the hands of a minor driving a motor vehicle. The plaintiff acknowledges that K.S.A. 8-222 makes the one who furnishes the vehicle to a minor jointly and severally liable for damages done to a third party. However, the plaintiff claims that the statute does not operate to protect the minor from his or her negligence when the person furnishing the vehicle is suing the minor for his or her own negligence. The second issue raised by the plaintiff involves the district court's deter-

mination that the negligent entrustment, if it existed at all, was not the proximate cause of the plaintiff's injuries.

## I. K.S.A. 8-222

The district court, in ruling upon the defendants' partial motion for summary judgment, concluded that K.S.A. 8-222 made the plaintiff jointly and severally liable for any damages caused by Farnsworth and, thus, the plaintiff was also jointly and severally liable for his own damages. Because the plaintiff was jointly and severally liable for his own damages, he was not legally entitled to recover damages from Farnsworth and, thus, did not come under the following provisions of the Heddens' uninsured motorist coverage, which provided:

"We will pay all sums the 'insured' is *legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.'* The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle.' " (Emphasis added.)

In response, the plaintiff argues: (1) Farnsworth owed him a duty of care, and she (and the insurance company obligated to pay under uninsured motorist coverage) cannot use K.S.A. 8-222 as a shield against liability; (2) when K.S.A. 8-222 speaks of imposing "joint and several liability" upon the provider of an automobile, the statute necessarily refers to damages inflicted upon a third person because any other interpretation reaches an absurd result; and (3) negligence cannot be imputed to a minor under K.S.A. 8-222.

K.S.A. 8-222 was enacted in 1931. Two Kansas cases cited by both parties touch upon the subject of K.S.A. 8-222 in automobile liability cases involving minor drivers. In *Gatz v. Church*, 180 Kan. 15, 299 P.2d 81 (1956), a 15-year-old boy was driving a car with his father as a passenger when they hit another car. The question in *Gatz* was whether the contributory negligence of the son could be imputed to the father under K.S.A. 8-222 and whether that imputed contributory negligence would bar the father's recovery against the other motorist. Because the case ended in a hung jury, the court remanded for determination of the factual issues involving negligence and contributory negligence. It, therefore, did not

address the application of K.S.A. 8-222. In any event, *Gatz* would not have resolved the question of whether K.S.A. 8-222 bars recovery between a minor passenger furnishing a vehicle to another minor who by reason of negligence injures the passenger.

In *Smithson, Executor v. Dunham*, 201 Kan. 455, 441 P.2d 823 (1968), the question again was whether an owner, who was an occupant of the car he permitted to be used by a minor, was barred under K.S.A. 8-222 from recovering damages from a negligent third party under the theory that the minor's negligence could be imputed to the owner. This court stated:

> "We hold that where a parent occupies a seat beside an under age driver, under the undisputed facts and circumstances as established in this case, the negligence of such under age driver, if it contributes to or proximately causes an accident, bars recovery from a third party for injuries or death of such parent." 201 Kan. at 462.

All parties agree that the provisions of K.S.A. 8-222 provide a benefit and protection for third parties suing or being sued by the minor and the person furnishing the vehicle. The plaintiff does not dispute that he would be liable along with Farnsworth if they had caused injuries to another person. Further, had such an accident occurred under Kansas law relating to contributory negligence as it existed at the time of *Smithson*, the resulting imputed negligence would have barred the plaintiff from recovering from the third party for his own injuries. However, *Smithson* does not answer the question whether K.S.A. 8-222 operates in an action by the passenger furnishing the vehicle to a minor driver and the minor driver.

The interpretation of a statute is a question of law and, therefore, this court's review is unlimited. *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). When interpreting a statute, the fundamental rule is that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). When a statute is plain and unambiguous, the court must give effect to the intent of the legislature as expressed rather than determine what the law should or should not be. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). When interpreting a statute, there is a presump-

tion that the legislature does not intend to enact useless or meaningless legislation. *Todd*, 251 Kan. at 515.

The plain reading of K.S.A. 8-222 indicates that the plaintiff is jointly and severally liable along with Farnsworth for "any damages caused by the negligence" of Farnsworth in driving the Mercedes. The question is whether this phrase includes damages suffered by the plaintiff himself.

The plaintiff contends that the district court's finding that he may not recover from Farnsworth under K.S.A. 8-222 is an interpretation that reaches an absurd result. In support of this contention, he cites *Dombeck v. Chicago, M., St. P. and P. R. Co.*, 24 Wis. 2d 420, 129 N.W.2d 185 (1964).

In *Dombeck*, Richard Dombeck, a minor, was driving a car that was struck by a train. Two of his minor sisters, who were passengers in the car, were injured, one of them fatally. The circuit court found that Richard was 50% at fault and the railroad was also 50% at fault. The circuit court also found that Richard's father could not recover against Richard for damages on behalf of the two minor sisters under a statute providing that " '[a]ny negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the person who signed the application for such person's license.' " 24 Wis. 2d at 436. The circuit court ruled that because Richard's negligence would be imputed to his father, the father could not recover against the son.

The Wisconsin Supreme Court reversed the circuit court, finding that its interpretation of the statute led to an absurd result. In reaching this conclusion, the court stated that the relationship created by the statute is similar to that which exists in agency law under a principal-agent or joint venture relationship. The court noted that the negligence of an agent is imputed to the principal in an action by the principal against a third person, or in an action by a third person against the principal, but not in an action by the principal against the agent. The court similarly noted that in a joint venture relationship, the negligence of one of two joint venturers is imputed to the other in actions against third persons but there

is no such imputation where the action is between the joint venturers themselves. 24 Wis. 2d at 436-38. The court stated:

"[A] majority of this court considers it would work an unreasonable and absurd result if the statute were to be construed to abrogate, as between sponsoring parent, guardian, or employer and sponsored child, the rule that the negligence of an agent or joint venturer is not to be imputed to his principal or other joint venturer in an action between the parties. Thus we invoke the rule of statutory interpretation that a statute should not be construed to work an absurd result, even when the language seems clear and unambiguous. [Citations omitted]." 24 Wis. 2d at 438.

The defendants argue that *Dombeck* is distinguishable in that the Wisconsin statute concerns negligence which is imputed to a sponsoring parent. According to the defendants, the Kansas statute does not "impute" negligence but instead imposes joint and several liability.

While K.S.A. 8-222 does not expressly say that it imputes the negligence of the minor driver to the person who provided the car, the statute's effect is to do just that. See *Gatz*, 180 Kan. at 17 (holding that "under the statute [the] liability of the owner arises from the negligence of the minor who is permitted to drive"). *Smithson*, 201 Kan. at 462, with its finding that the negligence of the underage driver bars the owner from recovery, also makes this clear. Under K.S.A. 8-222, any person who furnishes a motor vehicle to a minor shall be jointly and severally liable with the minor for any damages caused by the negligence of the minor in driving the vehicle. The effect of the statute is imputation of the negligence of the minor driver to the one furnishing the vehicle.

The defendants acknowledge that under common-law rules of master-servant or principal-agent, the negligence of the servant is not imputed to the master in an action against the servant by the master. See 53 Am. Jur. 2d, Master and Servant § 108. However, as noted by the defendants, we are concerned with a statutory liability that may or may not be analogous to the common-law rule. This was recognized by the Wisconsin Supreme Court in a case following *Dombeck*. See *Swanigan v. State Farm Ins. Co.*, 99 Wis. 2d 179, 188, 299 N.W.2d 234 (1980).

In *Swanigan*, the Wisconsin Supreme Court ruled that *Dombeck* does not stand for the proposition that the sponsor-parent is a master-servant relationship but only that rules applicable to a master-servant relationship comport with the purpose of the statute. 99 Wis. 2d at 188. The court stated that "[a]lthough the liability of the sponsor for the negligence of the minor driver may have some similarity with that of the master for the negligent driving of a servant, the relationship between sponsor and minor should not be viewed as one of master and servant." 99 Wis. 2d at 192. Instead, the court ruled that the statutory rule of liability is *sui generis* and not restricted by the common-law rules applicable to master and servant. 99 Wis. 2d at 193.

The statutory liability created by K.S.A. 8-222 is unique. It is not premised upon any common-law rules of liability such as master-servant or principal-agent and is not bound by interpretations of those rules except insofar as they further the purpose of the statute. Thus, this court is free to apply master-servant law if it finds that such an application would comport with the purpose of the statute but is not bound to do so in the absence of any such direction in the statute. Therefore, although the plaintiff cites many cases dealing with agency, these cases are applicable to the issue at hand only if they fit within the purpose of the statute.

The *Dombeck* decision was directly contrary to the decision of the Seventh Circuit Court of Appeals, which interpreted the very same Wisconsin statute in *Gilbertson v. De Long*, 301 F.2d 284 (7th Cir. 1962). In *Gilbertson*, the court determined that the statute precluded a sponsoring parent from recovering from the sponsored child for injuries sustained by the parent as a passenger in the car. 301 F.2d at 285. In reaching this conclusion, the *Gilbertson* court quoted the federal district court:

" 'The language of the statute is clear and unambiguous. It attaches liability to the parent sponsor for any negligence in the operation of an automobile by his or her child, and under its provisions a parent who signed an application for an instruction permit of a child under eighteen years of age is made liable for the negligent or unlawful conduct of such minor in operating a motor vehicle upon the highways. [Citation omitted.]

" 'The statute contains no exception. It makes no provision for any exemption for injuries or damages sustained by the sponsor parent.' " 301 F.2d at 285.

The court in *Gilbertson* also noted that the legislature had not prescribed that the imputed negligence under the statute be applied in the same manner as in a principal-agency relationship. 301 F.2d at 285.

K.S.A. 8-222 provides that the person who furnishes a vehicle to a minor is jointly and severally liable for "any damages" caused by the negligence of the minor. Under a plain reading of the statute, this would apply not only to suits against a third party but also to actions between the person furnishing the vehicle and the minor. The question, therefore, is whether such a literal interpretation of the statute would create an absurd result or whether it would further the policy of the statue.

In answering this question, it is instructive to look at the holdings of the courts in *Dombeck* and *Gilbertson*. The *Dombeck* court determined that the purpose of the statute was to protect the public from damage caused by the negligent operation of vehicles by youthful drivers and that the statute accomplished that purpose by imputing negligence to the sponsoring parent. 24 Wis. 2d at 437. However, the *Dombeck* court also found that to apply the statute to a sponsoring parent's suit against the minor driver would lead to an absurd result. 24 Wis. 2d at 438. In *Gilbertson*, on the other hand, the court stated that "barring claims of a sponsor against a negligent minor might encourage a greater degree of supervision over the operation of a vehicle in which the sponsor was a passenger." 301 F.2d at 285.

Not unlike the policy argument expressed in *Gilbertson*, this court in an early case stated the legislative policy of K.S.A. 8-222 was that

"liability should attach to any person who placed as dangerous an agency as an automobile within the control of a minor who was not more than sixteen years old. The idea of the legislature was to discourage the practice of endangering the safety of the public by permitting people of the classes named to drive a motor car on the streets." *Shrout v. Rinker*, 148 Kan. 820, 824, 84 P.2d 974 (1938).

In the case at hand, imposing liability on a person who gives a car to a minor or who permits an unlicensed driver to drive a car would accomplish the same purpose. Parents and others should think carefully before putting an automobile in the hands of one

who is not licensed to drive it, in the interest of public safety. In refusing to allow recovery under the facts of this case, we, like the *Gilbertson* court, conclude that such an interpretation does not lead to an absurd result.

Finally, the plaintiff argues that even if we find that K.S.A. 8-222 applies to an injured adult who provides a car to a minor, it should not apply to an injured minor providing the car to another minor. However, K.S.A. 8-222 applies to "any person who gives or furnishes a motor vehicle to such minor." A plain reading of the statute includes minors.

The only support that the plaintiff cites for his statement that K.S.A. 8-222 should not apply to impute liability to minors is 42 Am. Jur. 2d, Infants § 140. This section concerns the doctrine of respondeat superior and states that a minor is not liable for torts committed by his or her agent or servant because the appointment of an agent or servant by a minor is not binding on the minor. The plaintiff argues that this section supports his contention that negligence cannot normally be imputed to a minor. This argument, however, is somewhat overbroad. Rather than standing for the proposition that negligence cannot normally be imputed to a minor, the quoted authority stands for the proposition that a minor is not liable under the doctrine of respondeat superior because the minor cannot legally appoint an agent.

This point is illustrated in the case of *Hodge v. Feiner*, 338 Mo. 268, 272, 90 S.W.2d 90 (1935), wherein the Missouri Supreme Court held that a minor was not liable for injuries caused by a friend to whom he loaned a car. *Hodge*, however, is distinguishable from this case in that there was no statute similar to K.S.A. 8-222. The only basis for liability in *Hodge* was to establish that the one to whom the vehicle was loaned was an agent. See 338 Mo. at 269. The court ruled that because a minor cannot appoint an agent, the minor could not be held liable. 338 Mo. at 272.

Unlike *Hodge*, liability under K.S.A. 8-222 does not depend upon a contractual or agency relationship between the parties and does not involve the common-law doctrine of respondeat superior. Instead, K.S.A. 8-222 makes *any* person jointly and severally liable

for giving a car to a minor. Thus, the plaintiff's argument based on the theory of respondeat superior is not convincing.

The legislative policy of K.S.A. 8-222 is that "liability should attach to any person who placed as dangerous an agency as an automobile within the control of a minor who was not more than sixteen years old." *Shrout*, 148 Kan. at 824. The statute contains the phrase "any person" and does not differentiate between adults and minors. It is a rule of statutory construction that the legislature is presumed to use words in their ordinary and common meaning. See *Bank of Kansas v. Davison*, 253 Kan. 780, 788, 861 P.2d 806 (1993). Had the legislature intended K.S.A. 8-222 to apply only to adults, it could easily have said so. Under these circumstances, the plaintiff's argument that K.S.A. 8-222 does not apply to minors must fail.

We conclude that neither logic nor absurdity suggests that the provisions of K.S.A. 8-222 should not apply between persons occupying the same automobile. We also conclude that under a plain reading of the statute, "any person" includes a minor.

## II. Proximate Cause

In their motion for summary judgment, the defendants urged dismissal on the grounds that the negligence of the plaintiff and/ or Farnsworth constituted a superseding intervening cause of the plaintiff's injuries which broke the chain of causation of any alleged negligence on the part of the moving defendants. In their motion, the defendants acknowledged that the plaintiff asserted negligence on the part of the Heddens in allowing their sons to be at home without supervision and allowing their sons unsupervised access to the automobile. They further acknowledged that this was a disputed question of fact. For purposes of their motion, the defendants based their request for summary judgment on their argument that "the accident which occurred on October 26, 1990 was an intervening cause, superseding the prior alleged negligence of Jennifer and Richard Hedden." The district court discussed negligent entrustment but concluded that it did "not need to reach resolution of that question because it is clear from the uncontroverted facts that if there was any negligent entrustment on the part of the own-

ers of the automobile, it was not an efficient cause of any negligence in this case." The court concluded that "[t]he negligence of the plaintiff and Catherine Farnsworth in and of themselves constitute 100% of the efficient intervening cause and it is an independent intervening cause."

The plaintiff contends that the district court erred in determining that, as a matter of law, his negligence and that of Farnsworth constituted an intervening cause such that any negligent entrustment on the part of the Heddens was not the proximate cause of his injuries. He argues that there is a question of fact as to whether his injuries were foreseeable and that, as a result, the district court erred in awarding summary judgment.

In order to establish negligence, a plaintiff must prove the existence of a duty, a breach of that duty, an injury, and proximate cause, that is, a causal connection between the duty breached and the injury suffered. See *Nero v. Kansas State University*, 253 Kan. 567, 571, 861 P.2d 768 (1993). The breach of duty must be the actual and proximate cause of the injury. *Baker v. City of Garden City*, 240 Kan. 554, 557, 731 P.2d 278 (1987). Proximate cause is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act. 240 Kan. at 557.

Whether conduct in a given case is the proximate cause of a plaintiff's injuries is normally a question of fact for a jury. *Durflinger v. Artiles*, 234 Kan. 484, 488, 673 P.2d 86 (1983). However, where the facts are such that they are susceptible to only one inference, the question is one of law and may be disposed of by the court when the plaintiff has failed to establish the necessary burden of proof. *Baker*, 240 Kan. at 557.

Without much explanation, the district court simply concluded that Farnsworth's negligence was the proximate cause of plaintiff's injuries. The court engaged in no analysis of whether, assuming a negligent entrustment to Jon Hedden, that negligence would continue through Davey, who had permission from Jon Hedden to drive the Mercedes, and then to Farnsworth. Before the district

court, and in their oral argument before this court, the defendants asserted that liability is limited and generally does not cover a second permittee. While it is true that the general rule is that a second permittee using the car solely for his or her own purposes is not entitled to protection under the omnibus clause of an automobile insurance policy where the named insured has expressly prohibited the first permittee from allowing other persons to use or operate the car, *Gangel v. Benson*, 215 Kan. 118, Syl. ¶ 3, 523 P.2d 330 (1974), this general rule has no application to this case. *Gangel* involves a question interpreting the provisions of an insurance policy, while we deal in this case with a question of causation and foreseeability.

The question of whether an intervening act proximately causes injury, thereby relieving the initial tortfeasor from liability, was discussed at length in the case of *Schmeck v. City of Shawnee*, 232 Kan. 11, 651 P.2d 585 (1982). In *Schmeck*, we cited from an earlier decision of *George v. Breising*, 206 Kan. 221, 477 P.2d 983 (1970), a case involving the theft of a vehicle left with a private garage for repairs. The owner of the garage parked the vehicle unattended with the keys in the ignition. The vehicle was stolen and the driver injured a third party, who sued the garage owner for damages. In *George*, we said:

> "Whether the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the intervening negligent act of another is determined by the test of foreseeability. If the original actor should have reasonably foreseen and anticipated the intervening act causing injury in the light of the attendant circumstances, his act of negligence would be a proximate cause of the injury. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought. When negligence appears merely to have brought about a condition of affairs or a situation in which another and entirely independent and efficient agency intervenes to cause the injury, the latter is to be deemed the direct and proximate cause and the former only the indirect or remote cause." 206 Kan. at 227.

In *George*, we concluded as a matter of law that the act of leaving the keys in the ignition, while negligent, was a remote cause and the intervening act of negligence of the car thief was the direct and proximate cause of the injury sustained by the plaintiff. 206 Kan. at 227. In *Schmeck*, the question of proximate cause was left to the

jury because in most instances "negligence, contributory negligence and proximate cause are all issues to be determined by the jury." 232 Kan. at 27.

In this case, the district court decided the causation issue by summary judgment, concluding as a matter of law that the negligence of the plaintiff and/or Farnsworth was an intervening proximate cause of the plaintiff's injuries. Our review must necessarily determine whether reasonable minds could differ on this conclusion, and if we find that reasonable minds could differ, summary judgment is not proper. See *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995). We are required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. 257 Kan. at 260.

For the purposes of resolving this issue, we, like the district court, assume that the act of Richard and Jennifer Hedden in leaving their 14-year-old sons with access to the Mercedes, which in fact involved the operation of the Mercedes beyond the restrictions of their restricted licenses, was a negligent entrustment. The ultimate question deals with the question of causation for the injuries sustained by the plaintiff.

The record contains no evidence that Richard and Jennifer Hedden knew of any propensity on the part of their sons to allow third parties to drive the family vehicles. Thus, there is no evidence to support even an inference of foreseeability with reference to the accident and injury that actually occurred in this case. Absent such evidence, we conclude that the trial court was correct when it determined that "[t]he negligence of the plaintiff [Jason A. Davey] and Catherine Farnsworth in and of themselves constitutes 100% of the efficient intervening cause and it is an independent intervening cause." In these circumstances, the trial court was correct in ruling as a matter of law that any negligent entrustment on the part of the owners of the automobile was not the efficient cause of any injuries in this case.

Affirmed.

LARSON, J., concurring: I agree with the result and reasoning of the majority opinion as it relates to the application of K.S.A. 8-222. I write separately because I also agree with the result the majority opinion reaches as to the negligent entrustment claim, but I would resolve that issue simply by the application of the law of negligent entrustment and not rely on lack of proximate cause, the absence of foreseeability, or intervening causation.

The existing Kansas law articulated in *McCart v. Muir*, 230 Kan. 618, 641 P.2d 384 (1982), specifically provides that a claim of negligently entrusting a motor vehicle to another must be based upon knowingly entrusting, lending, permitting, furnishing, or supplying an automobile to an incompetent or habitually careless driver. *McCart* defines an incompetent driver as one "who by reason of age, experience, physical or mental condition, or known habits of recklessness, is incapable of operating a vehicle with ordinary care." 230 Kan. at 620.

After examining the plaintiff's statements of uncontroverted facts and making all inferences in the plaintiff's favor as is required by K.S.A. 60-256, I would hold there is no evidence to sustain the *McCart* burden of showing Catherine Farnsworth's driving of the Hedden car involved any defendant "knowingly entrusting, lending, permitting, furnishing or supplying an automobile to an incompetent or habitually careless driver." 230 Kan. 618, Syl. ¶ 1. Therefore, the plaintiff cannot, in my view, withstand the defense motion for summary judgment.

A condition precedent to imposing liability on the adult Heddens is evidence that the vehicle was negligently entrusted to Catherine Farnsworth. To prove that Catherine Farnsworth was negligently entrusted with the Hedden car some evidence would have to show she was an "incompetent or habitually careless driver." 230 Kan. at 620. Even when all inferences the evidence could support are drawn in the plaintiff's favor, there is no basis for a factfinder to make such a finding.

Based on this analysis we need not reach questions of foreseeability, proximate causation, or intervening causation, or consider whether each transfer of the vehicle requires a negligent entrust-

ment, that is: Were Jon Hedden and Jason Davey each in turn, "incompetent or habitually careless drivers"?

I would uphold the trial court's grant of summary judgment, although not for the reasons of the majority opinion nor for the reasons stated by the trial court. See *Bank of Kansas v. Davison*, 253 Kan. 780, 792, 861 P.2d 806 (1993).

LOCKETT and ALLEGRUCCI, JJ.; join in the foregoing concurring opinion.