Joel D. McMullen McPherson McVey Law Offices 2109 12th Street P.O. Drawer 1429 Great Bend, Kansas 67530
Dear Mr. McMullen:
As attorney for Ness County District Hospital you request our opinion regarding county district hospital bidding procedures and a potential conflict between the provisions of K.S.A. 80-2515, K.S.A. 19-214 through 216 and K.S.A. 60-1111. You indicate that the Ness County District Hospital, a medical facility created pursuant to K.S.A. 1996 Supp. 80-2501et seq. is preparing to let bids for the construction of an addition and modifications to the existing hospital structure. You state that the first attempt to let bids for this project failed because all bids received exceeded the architect's estimated cost. You specifically inquire which statutes and procedures the Ness County District Hospital should utilize to ensure compliance with competitive bidding requirements for hospital facilities.
K.S.A. 80-2514 provides that "[n]o hospital building or addition shall be erected or constructed until the plans and specifications have been made therefor, adopted by the board, and bids advertised for according to law for county buildings." In our opinion, the only law for county buildings that the foregoing statute refers to is K.S.A. 19-215 which sets forth advertising requirements for bid letting of county buildings. K.S.A. 19-215 provides as follows:
 "The board of county commissioners shall, before awarding any contract for any such improvement, publish notice of the letting in some newspaper printed in the county, or, if there be no such newspaper in the county, said board shall cause written or printed notices to be posted in at least five conspicuous places in the county for the same length of time, which notice shall specify with reasonable minuteness the character of the improvement contemplated, the time and place at which the contract will be awarded, and invite sealed proposals for the same. Such other notice may also be given as the board may deem necessary or proper."
You also cite K.S.A. 60-1111 as possibly applying to hospital district construction. K.S.A. 60-1111 requires a bond for contractors who enter into contracts "for the purpose of making any public improvements, or constructing any public building. . . ."
K.S.A. 80-2515, which provides advertising and bond requirements specifically for hospital construction, states in pertinent part:
 "The [hospital] board shall have charge of the construction, erection, purchase and equipping of any hospital or addition to any hospital. . . . After considering and approving the plans and specifications prepared and filed, the board shall advertise for three consecutive weeks, in a newspaper of general circulation in the taxing district of the hospital, for sealed proposals for the doing of such work, in accordance with the plans and specifications therefor, and such contract shall be let to the lowest responsible bidder, the board reserving the right to reject any or all bids. . . . The board may require the contractor to give to it a bond guaranteeing the faithful performance of the contract."
It is a longstanding rule of statutory construction that a specific statute prevails over a general statute unless it appears the legislature intended to make the general statute controlling. Jones v. Continental CanCo., 260 Kan. 547, 556 (1996). See also State v.Williams, 250 Kan. 730, Syl. ¶ 1 (1992). Furthermore, "[w]hen interpreting a statute, there is a presumption that the legislature does not intend to enact useless or meaningless legislation." Davey v. Hedden, 260 Kan. 413,419-420 (1996).
K.S.A. 80-2515 focuses specifically on district hospitals while K.S.A. 19-215 addresses county buildings generally and K.S.A. 60-1111 concerns any public improvement. Because K.S.A. 80-2515 is the most specific of the three statutes, it is our opinion that the procedures set forth therein are controlling. We cannot find any expression of legislative intent to the contrary. Furthermore, it is unlikely that the legislature intended K.S.A. 19-215 and 60-1111 to control because the effect would render the advertising and bond portions of K.S.A. 80-2515 useless. In addition, the advertising requirements of K.S.A. 80-2515
are such that if the hospital complies with them, it will also be in compliance with K.S.A. 19-215.
You also inquire whether Attorney General Opinion No. 92-118 applies to the situation you present because all of the bids received in response to the hospital's first advertisement for proposals exceeded the architect's estimated cost of the project. That opinion addressed whether a county could negotiate with the low bidder whose bid exceeded the engineer's estimate for a county building project. The opinion concludes as follows:
 "The board of county commissioners can modify contracts without being required to rebid the project as long as there is not a material change in the terms, any change is such that it could have been made before the contract had been executed, and if the change does not defeat the purpose of the competitive bidding procedure."
It is our opinion that the Ness County District Hospital Board may negotiate with the lowest responsible bidder in an attempt to avoid rebidding the project as long as any modifications to the specifications or bid are limited as set forth in Attorney General Opinion No. 92-118.
In summary, it is our opinion that the Ness County District Hospital Board should follow the procedures set forth in K.S.A. 80-2515 in letting bids for the construction of a hospital or an addition thereto. If all bids received exceed the estimated costs of the project, the hospital board may negotiate with the lowest responsible bidder in an attempt to avoid rebidding the project as long as any negotiated changes are limited as outlined in Attorney General Opinion No. 92-118.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm