Don Myer, Executive Director Kansas Commission on Veterans' Affairs Jayhawk Tower 700 S.W. Jackson, Suite 701 Topeka, Kansas 66603
Dear Mr. Myer:
As Executive Director for the Kansas Commission on Veterans' Affairs, you request our opinion regarding appointments to an advisory board to the Commission. Specifically, you ask whether the Commission may appoint a person who is not qualified in the medical specialization of genetics to the Persian Gulf War Veterans Health Initiative Board.
During the 1997 legislative session, the Legislature enacted the Persian Gulf War Veterans Health Initiative Act, L. 1997, Ch. 39, §§ 1 — 11, to be codified at K.S.A. 1997 Supp. 73-1221 et seq. Under the Act, the Persian Gulf War Veterans Health Initiative Board (Board) was established to act as an advisory board to the Commission in the implementation and administration of the Act. L. 1997, Ch. 39, § 3. The Board was to consist of nine members, one of whom was to be qualified in the medical specialization of genetics. Id.
You inform us that in performing your duty as prescribed in subsection (b)(2) of L. 1997, Ch. 39, § 3, you have contacted national and regional professional groups, the Kansas Department of Health and Environment, and researchers from the University of Kansas Medical Center and Kansas State University. Through these contacts, lists of nominees for all but one of the positions designated in subsection (b)(2) of L. 1997, Ch. 39, § 3 have been compiled. Despite your search, you have been unable to locate a medical geneticist who is able to serve in the remaining position on the Board.
Applicable rules of statutory construction are set forth in Davey v. Hedden, 260 Kan. 413 (1996).
 "The interpretation of a statute is a question of law and, therefore, this court's review is unlimited. Todd v. Kelly, 251 Kan. 512, 515, 837 P.2d 381
(1992). When interpreting a statute, the fundamental rule is that the intention of the legislature governs if that intent can be ascertained. City of Wichita v. 200 South Broadway, 253 Kan. 434, 436, 855 P.2d 956
(1993). When a statute is plain and unambiguous, the court must give effect to the intent of the legislature as expressed rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). When interpreting a statute there is a presumption that the legislature does not intend to enact useless or meaningless legislation. Todd, 251 Kan. at 515, 837 P.2d 381." Davey, 260 Kan. at 419-20.
Subsection (b) of L. 1997, Ch. 39, § 3 establishes the qualifications for members of the Board. "One member shall be qualified from each of the medical specializations of epidemiology, toxicology and genetics." L. 1997, Ch. 39, § 3. Clearly, the statute requires one member of the Board be qualified in the medical specialization of genetics. While it appears no person meeting this qualification is presently able to serve on the Board, to allow a person qualified in another medical specialization to fill the position would result in the establishment by the Legislature of a meaningless qualification for holding the position on the Board. It appears the sponsoring legislator has indicated his willingness to allow a person qualified in another medical specialization to serve in place of a person qualified in the medical specialization of genetics. However, post-enactment statements of individual legislators is not a reliable indicator of the legislative intent, and their use should not be among the legitimate methods sanctioned by the Court in determining legislative intent. Davis v. City ofLeawood, 257 Kan. 512, 528 (1995). The plain and unambiguous language of the legislation cannot be ignored. One member of the Board must be qualified in the medical specialization of genetics. The Commission may not appoint a person lacking this qualification to the remaining position on the Board requiring such qualification.
We note that while the provision sets forth the medical specializations in which the members of the Board must be qualified, the provision does not establish residence requirements for such persons. Therefore, the search for a person qualified in the medical specialization of genetics who is able to serve on the Board need not be confined to persons residing in the State.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm