No. 86,522

TRISTA REY YETSKO, an adult; and EMILY ROSE ALFREY and HANNA LEI ALFREY, minor children by and through their legal guardian and next friend, ROXANNE L. GALLOWAY, *Appellants*, v. JONATHAN MORIAH PANURE, *Appellee*.

(35 P.3d 904)

Opinion filed December 7, 2001.

*John M. Lindner*, of Law Office of Lindner & Marquez, of Garden City, argued the cause and was on the brief for appellants.

*Thomas W. Young*, of Foulston & Siefkin, L.L.P., of Dodge City, argued the cause, and *Stephen M. Kerwick*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an interlocutory appeal from the district court's granting of partial summary judgment on the wrongful death claim in a wrongful death and personal injury action arising out of a vehicle collision. Defendant, Jonathan Panure, was the driver of the vehicle in which his mother, Rhonda Alfrey, and her daughters, Hanna and Emily Alfrey, were riding. Rhonda Alfrey died and her two daughters were injured as a result of the collision. The district court granted partial summary judgment in favor of

Panure on the wrongful death claim. The Court of Appeals granted plaintiffs' application for interlocutory appeal. See K.S.A. 60-2102(b). The case was transferred to this court pursuant to K.S.A. 20-3018(c).

Material facts are not disputed. On June 7, 1997, Rhonda Alfrey and her daughters, Hanna and Emily, were passengers in a vehicle owned by Rhonda and driven by Jonathan Panure when it collided with another vehicle. Rhonda was the natural mother of Jonathan as well as Hanna and Emily.

At the time of the June 1997 collision, Rhonda was over the age of 18 years, was a licensed driver in the State of Kansas, and had been a licensed Kansas driver for more than one year. Jonathan was a licensed driver in the state of Kansas under the age of 16 years. At the time of the collision, Jonathan was driving Rhonda's vehicle on a highway with her permission and with her seated in the front passenger seat. The license he held allowed him to lawfully operate the vehicle in the circumstances.

An account of the accident was included in Panure's motion for summary judgment but was not made a part of the statement of uncontroverted facts. It was not disputed in the plaintiffs' response to the motion for summary judgment. Panure stated that he was driving the family home after attending a track meet in Great Bend. William Elder was driving a pickup coming from the opposite direction. Mr. Elder fell asleep, and his pickup crossed into defendant's lane of traffic. Defendant attempted to avoid a head-on collision by slowing and moving his vehicle into the opposite, southbound lane, but Mr. Elder awoke, jerked his pickup back into the southbound lane, and a head-on collision ensued. Rhonda Alfrey died instantly.

The sole question is whether K.S.A. 8-222 bars the wrongful death claim against the minor driver, Panure. K.S.A. 8-222 provides:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

The district court read *Smithson, Executor v. Dunham,* 201 Kan. 455, 441 P.2d 823 (1968), as indicating that K.S.A. 8-222 applies in circumstances like those in the present case. The district court stated: "K.S.A. 8-222 clearly imputes whatever negligence [Jonathan] may have to the decedent, who permitted defendant, a minor then under the age of 16, to drive the vehicle upon a highway. Likewise, K.S.A. 60-258a(a) imputes the decedent's negligence to plaintiffs, thereby barring plaintiffs' wrongful death claim against defendant." Recognizing that *Smithson* was decided before comparative fault was adopted by Kansas courts so that the precise question in this case had not been answered by an appellate court, the district court certified its ruling for an immediate appeal.

The facts are stipulated or admitted, and the issue is one of statutory construction. Thus, the court's review is unlimited. See *Hamilton v. State Farm Fire & Cas. Co.,* 263 Kan. 875, 879, 953 P.2d 1027 (1998); *Lightner v. Centennial Life Ins. Co.,* 242 Kan. 29, Syl. ¶ 1, 744 P.2d 840 (1987).

On appeal, plaintiffs argue that *Smithson* is not viable since the adoption of comparative fault. They acknowledge that *Davey v. Hedden,* 260 Kan. 413, 920 P.2d 420 (1996), applied K.S.A. 8-222 long after the adoption of comparative fault and contend that it should be disapproved.

*Smithson* was a wrongful death action by the executor of the will and husband of the decedent, Marvella Smithson, against Dillard Dunham. It arose out of a collision at a rural intersection of vehicles driven by Dunham and William Smithson, the son of Marvella Smithson and plaintiff, Wayne Smithson. William was 15 years of age and the holder of a restricted driver's license at the time of the accident. His mother was a passenger in the car driven by William, who, by his own testimony, was negligent. He entered the intersection after Dunham already was in it at 55 miles per hour without slowing or applying his brakes. The court concluded that 8-222 barred Wayne Smithson's recovery for the death of Marvella:

"We hold that where a parent occupies a seat beside an under age driver, under the undisputed facts and circumstances as established in this case, the negligence of such under age driver, if it contributes to or proximately causes an accident,

bars recovery from a third party for injuries or death of such parent." 201 Kan. at 462.

Wayne Smithson's suit against Dunham was defeated by his son's negligence and the combined operation of two statutes. William's negligence was imputed by K S.A. 8-222 to his mother because she permitted William to drive the vehicle, and the wrongful death statute, K.S.A. 60-1901, permits an action only where the decedent could have maintained one. K.S.A. 60-1901 provides: "If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had . . . she lived, in accordance with the provisions of this article, against the wrong-doer . . . ." Marvella Smithson, with her son's negligence imputed to her, could not have maintained an action against Dunham. Hence, Wayne Smithson's action against Dunham was barred.

*Smithson* was decided in 1968. Six years later the Kansas Legislature passed an act concerning tort liability that abolished contributory negligence as a bar to recovery and instituted comparative negligence. K.S.A. 60-258a provides:

"(a) The contributory negligence of any party in a civil action shall not bar such party or such party's legal representative from recovering damages for negligence resulting in death, personal injury, property damage or economic loss, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. *If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.*" (Emphasis added.)

Construing 60-258a in *Brown v. Keill*, 224 Kan. 195, 203-04, 580 P.2d 867 (1978), the court held that the traditional concept of joint and several liability in negligence actions had been abrogated. The core concept of joint and several liability is indivisible responsibility. Hence, each joint tortfeasor was considered to be entirely liable for the harm. The traditional concept of joint and several liability required a plaintiff to be totally without negligence to recover and required a defendant to be merely negligent in order to incur an obligation to pay. 224 Kan. at 203. That all-or-nothing rule was

removed from comparative negligence actions in favor of the individual liability of each defendant for payment of damages being based on his or her proportionate fault. 224 Kan. at 204.

Once the harsh rule was softened with the adoption of comparative negligence principles, Kansas courts were asked to formulate approaches that harmonized with the current tort theory in varying circumstances. Joint and several liability continues to apply in a few situations, for example, where created by the terms of a contract, note, or mortgage, See *Jenkins v. T.S.I. Holdings, Inc.*, 268 Kan. 623, 635, 1 P.3d 891 (2000), and in intentional tort actions, see *York v. InTrust Bank, N.A.*, 265 Kan. 271, 310-11, 962 P.2d 405 (1998).

The factual circumstances in *Davey v. Hedden* were exceptional. *Davey* was a personal injury action by a minor passenger who had permitted another minor to drive the vehicle; neither passenger nor driver was authorized by the vehicle's owner, and no other vehicle was involved in the collision from which plaintiff's injuries resulted. Jason Davey, age 15, obtained permission from Jon Hedden, age 14, to drive a vehicle that belonged to Hedden's parents, who were on vacation in Hawaii. Davey took Catherine Farnsworth, age 15, with him as a passenger and eventually let her drive. Farnsworth lost control of the vehicle and struck a tree. Davey suffered severe injuries.

Davey sued a number of defendants on a number of theories. Davey's claim of negligent entrustment against the vehicle owners was decided by summary judgment in favor of the owners and was a focus of the majority opinion and the subject of a concurring opinion. The other issue on appeal was Davey's contract claim against Farmers Alliance Mutual Insurance Company seeking to enforce the uninsured motorist provisions of the policy on the borrowed vehicle. For this purpose, Davey alleged negligent driving against Farnsworth. The trial court found that Farnsworth was 100% at fault and granted summary judgment to the insurance carrier on the ground that no claim could be made under the uninsured motorist clause because the uninsured driver, Farnsworth, had no liability to Davey pursuant to K.S.A. 8-222. Her negligence was imputed to Davey under the statute. The central question pre-

sented to this court with regard to Davey's claim against the insurer of the vehicle was whether one minor who permits another minor to drive would be barred from recovering from the driver for injuries caused by the driver's negligence. Davey did not "dispute that he would be liable along with Farnsworth if they had caused injuries to another person." 260 Kan. at 419. The court concluded that "under a plain reading of the statute, 'any person' includes a minor" and "that neither logic nor absurdity suggests that the provisions of K.S.A. 8-222 should not apply between persons occupying the same automobile." 260 Kan. at 425. Davey's various other theories about the inapplicability of K.S.A. 8-222 when the passenger sues the minor driver also were rejected by the court.

As the district court observed in certifying its ruling in the present case for an intermediate appeal, the court has not been asked to consider the operation of K.S.A. 8-222 in a wrongful death action since the adoption of comparative negligence. Nor has the court been asked squarely to face the question of whether the operation of K.S.A. 8-222 was altered with the shift to comparative fault.

Plaintiffs in this case first suggest that a literal reading of K.S.A. 8-222 would be in harmony with comparative fault principles. The statute provides that persons permitting a minor to drive on a highway "shall be jointly and severally liable with such minor for any damages" caused by the minor's negligent driving. Plaintiffs contend that the statute imputes liability for damages rather than imputing negligence. Giving the statute a literal reading in the circumstances of this case, however, does not benefit the plaintiffs. They sued only Panure. K.S.A. 8-222 would impute Panure's liability for damages to the deceased. Decedent, therefore, would have no recovery from Panure. K.S.A. 60-1901 provides that a wrongful death action against the wrongdoer may be maintained for the damages resulting from the wrongful act of another if the decedent might have maintained the action had he or she lived. Rhonda Alfrey, had she lived, would not have had an action for damages against Panure because his liability for damages would be imputed to her by K.S.A. 8-222.

In addition to its lack of practical effect, the obvious weakness of plaintiff's argument is that the court rejected a very similar theory in *Davey*:

"According to the defendants, the Kansas statute does not 'impute' negligence but instead imposes joint and several liability.

"While K. S. A. 8-222 does not expressly say that it imputes the negligence of the minor driver to the person who provided the car, the statute's effect is to do just that. See *Gatz*, 180 Kan. at 17 (holding that 'under the statute [the] liability of the owner arises from the negligence of the minor who is permitted to drive'). *Smithson*, 201 Kan. at 462, with its finding that the negligence of the underage driver bars the owner from recovery, also makes this clear. Under K.S.A. 8-222, any person who furnishes a motor vehicle to a minor shall be jointly and severally liable with the minor for any damages caused by the negligence of the minor in driving the vehicle. The effect of the statute is imputation of the negligence of the minor driver to the one furnishing the vehicle." 260 Kan. at 421.

Plaintiffs would have the court distinguish *Davey* from the present case on the facts. According to plaintiffs, *Davey* involved the type of conduct the statute was intended to discourage—unauthorized driving by a minor. In contrast, plaintiffs argue, there was nothing unauthorized or unlawful about Panure's operation of the vehicle with his mother in the seat beside him. The statute, however, does not make joint and several liability of the person who furnishes a vehicle dependent on the legality of the minor's driving status. As we noted in *Davey*, the legislative intent was to attach liability to one who permits a minor less than 16 years of age to drive an automobile.

The plaintiffs also argue that Kansas courts would be out-of-step with the law of all other states if in the circumstances of the present case they would impute negligence of the driver to the owner/passenger of the vehicle. Plaintiffs direct the court's attention to an annotation at 21 A.L.R.4th 459, 460, which

"collects and discusses the state and federal cases in which the courts have considered whether the mere fact that a passenger in a motor vehicle is its owner affects his right to recover from the driver of the vehicle for personal injuries or death which result from negligent operation of the vehicle by the driver."

Plaintiffs cite several dozen cases from the annotation in which the owner/passenger's actions against the driver were not precluded.

Although somewhat related to the subject at hand, the annotation relied on by plaintiffs does not include a discussion specific to an owner/passenger's joint and several liability for damages resulting from a minor driver's negligence, which is the only issue in the

present case. By the same token, the cases taken from the annotation and discussed by plaintiffs in their brief are not on point.

An annotation at 69 A.L.R.2d 978 discusses cases involving legislation making it an offense to permit an unauthorized person to operate a vehicle and cases "dealing with statutes making one who owns or controls a motor vehicle jointly and severally liable with a minor under a specified age allowed to operate the motor vehicle, even though such statutes may not contain an explicit provision specifying that the minor be an unauthorized operator." 69 A.L.R.2d at 979. A majority rule for cases with circumstances similar to the present one cannot be abstracted from the latter annotation. In fact, there are no annotated cases with facts substantially similar to those of the present case.

Plaintiffs also bring to the court's attention cases and statutes from Iowa, Kentucky, Delaware, Utah, and Maine. Plaintiffs' point is that statutes very similar to K.S.A. 8-222 have been construed by the courts of these other states as applying only in actions by third parties, not to actions between the vehicle owner and the minor driver. The basis for the decisions, according to plaintiffs, is that the legislative purpose in enacting the statutes was protection of third parties. Plaintiffs urge this court to follow the examples of these other states in overruling *Smithson* and *Davey* and announcing a rule that would apply K.S.A. 8-222 only to actions by third parties against the vehicle owner.

Plaintiffs suggest that this court might use *Stuart v. Pilgrim*, 247 Iowa 709, 74 N.W.2d 212 (1956), as a blueprint for overruling previous decisions. In *Stuart*, the plaintiff's vehicle was driven with her consent by her husband, John Stuart. It collided with a vehicle driven by the defendant, from whom plaintiff sought personal injury damages. In previous cases, Iowa courts had followed the rule without discussion that contributory negligence of the driver is imputed to the owner who was present in the vehicle. 247 Iowa at 713. The court concluded that "more mischief will be done by adhering to the precedent established in [an earlier case] than by overruling it. It proceeds upon a wrong principle, built upon a false premise, and arrives at an erroneous conclusion." 247 Iowa at 714. Thus, a new rule was established in *Stuart*. It may be noted that

the Iowa court subsequently modified the *Stuart* rule following legislative changes to the Iowa statute. See *Perry v. Tendal*, 538 N.W.2d 296, 298 (Iowa 1995).

In addition to arguing that K.S.A. 8-222 should be applied only to third-party actions against the vehicle owner, plaintiffs also seem to argue that K.S.A. 8-222 should be construed as applying only to third-party actions. Their suggestion, at least as we understand it, would not alter the result in this case because their action is a third-party action. They brought this action against Panure, the minor driver, for the wrongful death of their mother, the person who permitted the minor to drive. In order for a ruling that limited the scope of 8-222 to third-party actions to benefit plaintiffs, the ruling would have to be formulated to exclude application of 8-222 to third-party actions in which the cause of action derives from an action that might have been maintained by the permitting adult. In the present case, for example, the plaintiffs have a cause of action by virtue of K.S.A. 60-1901, which provides that a wrongful death action may be maintained if the deceased could have maintained the action had he or she lived.

If K.S.A. 8-222 is construed as applying only to third-party actions but not to third-party actions derived from an action that the permitting adult might have maintained against the minor driver, as in the present case, the entry of summary judgment against plaintiffs would be reversed. Without the operation of K.S.A. 8-222, the minor driver's negligence would not be imputed to the deceased, and an action by the deceased against the minor driver would be maintainable. Hence, plaintiffs would be able to maintain an action against the minor driver pursuant to K.S.A. 60-1901 because the decedent has no negligence to be imputed to the plaintiffs. The fallacy of plaintiffs' argument is that there is nothing in the language of the statute or cases interpreting the statute that indicates a legislative intent to lift application of 8-222 from derivative third-party actions, or any third-party actions for that matter.

In addition, if K.S.A. 8-222 is construed, as plaintiffs suggest, as imputing liability for damages rather than imputing negligence from a minor driver to the consenting adult, plaintiffs in the present case have no one from whom to recover. The only defendant

named is the minor driver, Panure. If his liability for damages is imputed to the deceased through the operation of K.S.A. 8-222, and the decedent's liability for damages is imputed to plaintiffs through the operation of 60-258a(a), even if Panure's percentage of fault is slight compared to that of the other driver so that only a small percentage of the total fault is imputed by 60-258a(a) to the deceased, that imputed fault cancels any recovery because Panure is the only named defendant. If Panure bears no fault, plaintiffs cannot recover from him for that reason.

In summary, we conclude that the operation of K.S.A. 8-222 was not altered or negated by the adoption of comparative fault. This court's rationale in *Smithson* is compatible with the principles of comparative negligence. We further disagree with the plaintiffs that *Davey* should be disapproved. The legislative intent in adopting 8-222 was obviously to make those persons liable who permit a minor under 16 years of age to drive a motor vehicle. In *Davey*, we interpreted 8-222 as imputing the negligence of the minor driver to the consenting adult. It does not matter whether the negligence is designated comparative or contributory. The effect may be different in that under the all-or-nothing rule of contributory negligence, the slightest fault would bar recovery.

Here, under K.S.A. 8-222, Panure's percentage of negligence is imputed to the decedent, Rhonda Alfrey, which by operation of K.S.A. 60-258a is then imputed to the plaintiffs. The plaintiffs would not be barred from recovery if their negligence is less than the negligence of the parties against whom the claim for recovery is made. Since Panure is the only party named defendant in the wrongful death action, plaintiffs cannot recover. The trial court did not err in granting defendant's motion for partial summary judgment.

Affirmed.